## Mississippi Electronic Courts
### Second Circuit Court District of Mississippi (Harrison Circuit Court - Gulfport)
### CIVIL DOCKET FOR CASE #: 24CI1:23-cv-00379

| | |
|---|---|
| Mateen v. City Of Gulfport et al | Date Filed: 10/04/2023 |
| Assigned to: Judge Lawrence P. Bourgeois, Jr | Current Days Pending: 30 |
| | Total Case Age: 30 |
| **Upcoming Settings:** | Jury Demand: None |
| | Nature of Suit: Wrongful Death (185) |
| None Found | |

---

**Plaintiff**

**Katrina Mateen**                                      represented by **Katrina Mateen**
                                                                      PRO SE

V.

**Defendant**

**City Of Gulfport**
2309 15 St
Gulfport, Ms 39501

**Defendant**

**Kenneth Nassar**
2220 15th St.
Gulfport, Ms 39501

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2023 | 1 | COMPLAINT against City Of Gulfport, Kenneth Nassar, filed by Katrina Mateen. (Attachments: # 1 Civil Cover Sheet,) (Johnson, Ashley) (Entered: 10/04/2023) |
| 10/04/2023 | 2 | SUMMONS Issued to City Of Gulfport. Returned to filer for service. (Johnson, Ashley) (Entered: 10/04/2023) |
| 10/04/2023 | 3 | SUMMONS Issued to Kenneth Nassar. Returned to filer for service. (Johnson, Ashley) (Entered: 10/04/2023) |
| 10/12/2023 | 5 | SUMMONS Returned Executed by Katrina Mateen. City Of Gulfport served on 10/5/2023, answer due 11/4/2023. Service type: (Duncan, Carleen) (Entered: 10/12/2023) |

| MEC Service Center |||
|---|---|---|
| **Transaction Receipt** |||
| 11/03/2023 09:01:45 |||
| You will be charged $0.20 per page to view or print documents. |||
| **MEC Login:** | jb9573 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 24CI1:23-cv-00379 |
| **Billable Pages:** | 1 | **Cost:** | 0.20 |

**Exhibit "A"**

STATE OF MISSISSIPPI

## IN THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT

KATRINA DANIELLE MATEEN,



Plaintiff,

v.

**WRONGFUL DEATH CIVIL LAWSUIT**

HON:

Case No. A 2401-23-379

DEFENDANT CITY OF GULFPORT, No. 1., IS BEING SUED IN THEIR OFFICIAL CAPACITY AS THE GOVERNING BODY FOR THE CITY OF GULFPORT, MISSISSIPPI LOCATED AT 2309 15TH STREET, IN GULFPORT, MISSISSIPPI 39501 FOR PROTECTING THEN OFFICER/ BUT NOW SERGEANT KENNETH NASSAR WHO SHOT AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.

DEFENDANT KENNETH NASSAR, No. 2., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS OFFICER/BUT NOW SERGEANT AND WAS AT ALL TIMES RELEVANT TO THESE PROCEEDINGS WAS EMPLOYED BY THE GULFPORT POLICE DEPARTMENT, LOCATED AT 2220 15TH STREET, IN GULFPORT, MISSISSIPPI 39501, WHILE WORKING UNDER THE COLOR OF STATE LAW AT THE TIME THE DEFENDANT SHOT AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.

**Defendants.**

# I.
# CIVIL COMPLAINT AND ACTION

1. **NOW COMES,** the Plaintiff KATRINA DANIELLE MATEEN, *In Pro Per,* by and through her civil complaint and action, pursuant to MRCP 3(a). The Rules Provides That: "A civil action is commenced by a complaint with the court. A costs deposit shall be made with the filing of the complaint, such deposit to be in the amount required by the applicable Uniform Rules governing the court in which the complaint is filed.

# II.
# JURISDICTION AND VENUE

2. This court at 1801 23rd Avenue Ste 2, in Gulfport, Mississippi 39501, has jurisdiction of this cause of action, pursuant to the applicable statute in which this court has the right and power to interpret and apply the law and invoke said jurisdiction; and venue is proper because the legal cause of action occurred in the City Limits of Gulfport, Mississippi 39501 Venue is proper for this wrongful death lawsuit will be brought in the Harrison County, 1St Judicial District, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501; Or in the Chancery Court, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501. "The determination for proper venue is governed by statute." Miss. Crime Lab. v. Douglas, 70 So. 3d 196, 202 (¶ 16) (Miss. 2011); see also Park on Lakeland Drive, Inc. v. Spence, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute." (quoting Flight Line, Inc. v Tanksley,608 So. 2d 1149, 1155 (Miss. 1992))). The application of the Mississippi Tort Claims Act and its venue statute is a question of law, to which the

Mississippi Supreme Court applies de novo review.Miss. Dep't of Hum. Servs. v. S.C., 119So. 3d 1011, 1013 (Miss. 2013); City of Jackson v. Harris,44 So. 3d 927, 931 (Miss. 2010). Indeed, it is well established that "statutory interpretation is a matter of law which this Court reviews de novo." Adams v. Baptist Mem'l Hosp.-DeSoto, Inc., 965 So. 2d 652, 655 (Miss.2007) (citing Franklin Collection Serv., Inc. v. Kyle, 955 So. 2d 284, 287 (Miss. 2007)). The claims are exclusively governed by the Mississippi Tort Claims Act, Mississippi Code Sections 11-46-1 to -23 (Rev. 2019).Mississippi Code Section 11-46-7(1)  provides:(2) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee  to  recover  damages  for any injury  for  which  immunity  has  been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.Miss. Code Ann. § 11-46-7(1) (Rev. 2019).¶9.The tort claims act is to "be interpreted  as  expressly  written  or  by  necessary implication in order to carry out the Legislature's intent to strictly limit the State's waiver of state sovereign immunity." Knight v. Miss. Transp. Comm'n, 10 So. 3d 962, 967 (Miss. Ct.App. 2009), overruled on other grounds by Little v. Miss. Dep't of Transp., 129 So. 3d 132(Miss. 2014). All parties agree that the Mississippi Tort Claims Act controls here. The specific venue provision of the tort claims act states:(2) The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The

venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply. Miss. Code. Ann. § 11-46-13(2) (Rev. 2019) (emphasis added).

### III.
### AMOUNT IN CONTROVERSY

3. This amount in controversy in this lawsuit is ***Ten Billion ($10,000,000,000.00) Dollars.***

### COUNT-1

**DEFENDANT CITY OF GULFPORT IS RESPONSIBLE FOR JAHEIM McMILLAN DEATH ON OCTOBER 6, 2022, WHEN THE DEFENDANT FAILED TO PROPERLY TRAIN AND SUPERVISOR THE DEFENDANT KENNETH NASSAR WHO SHOT AND KILLED THE DECEASED WITHOUT PROBABLE CAUSE AND/OR JUSTIFICATION FOR HIS KILLING OTHER THEN JAHEIM McMILLAN BEING A YOUNG BLACK YOUTH**

4. The Defendant City of Gulfport, No.1., is being sued in their official capacity as the governing body for the city of Gulfport, Mississippi for protecting then Defendant Officer/but now Sergeant Kenneth Nassar, No.2., who shot and killed Jaheim McMillan, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that this Defendant Kenneth Nassar, No.2., is a serious

danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

5.  Defendant City of Gulfport, No. 1., is responsible for Jaheim McMillan, death on October 6, 2022, when the Defendant City failed to properly train and supervisor the Defendant Kenneth Nassar, No.2., who shot and killed the deceased without probable cause and/or justification for his killing other then Jaheim McMillan, being a young Black youth,  on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known  that this Defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

6. Defendant City of Gulfport, No.1., tried to cover-up the actions on October 6, 2022, of Defendant Officer Kenneth Nassar, No.2., now promoted to Sergeant Kenneth Nassar, lost his qualified immunity at the time the Defendant shot and killed 15 year old Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. "The Supreme court has defined the intentional torts of assault and battery as follows:

1). Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) the other is thereby put in such imminent apprehension." A battery goes one step beyond an assault in that a harmful contact actually occurs. See Webb v. Jackson, 583 So. 2d 946, 951

(Miss. 1991) (citation omitted). In the case at bar, the Plaintiff Katrina Mateen, asserts that Defendant Officer Kenneth Nassar, No.2., of the Gulfport Police Department, cannot claim qualified immunity. And Defendant Officer such as now Sergeant Kenneth Nassar, No. 2., when making an arrest, a police officer "may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters, but Defendant ***Officer Now Sergeant Kenneth Nassar, No.2., can not take the life of 15 year old Jaheim McMillan, of the deceased or inflict upon Jaheim McMillan, great bodily harm except to save his own life or to prevent a like harm to himself.***" Id (Citing Holland v. Martin, 214 Miss. 1,9; 56 So.2d 398,400 (1952)). The Supreme court has further stated that "***the use of firearms by a police officer is not justified except to protect himself from reasonably apparent bodily harm or death at the hands of the suspect.***" See Whitten v. Cox, 799 So. 2d 1,8(¶11) (Miss. 2000). In <u>*Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985),</u> the United States Supreme Court stated:

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation omitted). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity....

Mississippi law has been construed to recognize suits against public officials in their official capacity as being suits against the governmental entity they represent.

Although confusing, Plaintiff Katrina Mateen, lawsuit seems to be focused more on the issue of qualified immunity with respect to Defendant Officer, but now Sergeant Kenneth Nassar, No.2., than the issue of sovereign immunity. Therefore, this Court should address that aspect of Plaintiff's claims.

This Cause of Action happened on October 6, 2022, When Defendant Officer, now Sergeant Kenneth Nassar, No. 2., police officer of the Gulfport Police Department, shot and killed Jaheim McMillan, (Deceased) and other public officials in Mississippi were previously entitled to qualified immunity under Mississippi common law. *Barrett v. Miller*, 599 So.2d 559, 564 (Miss.1992). The purpose of the public official qualified immunity doctrine is to protect public officials in their decision-making roles and to encourage and safeguard their ability to exercise their discretion. *State v. Lewis*, 498 So.2d 321, 322 (Miss.1986). Therefore, a public official is shielded by qualified public official immunity unless:

his *breach of a legal duty causes injury and* (1) that duty is ministerial in nature, *or* (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, *or* (3) the governmental actor commits an intentional tort. Beyond that, a governmental official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

  *McFadden v. State*, 542 So.2d 871, 877 (Miss.1989)(emphasis added). The Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport,

No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

7. Defendant City of Gulfport, No.1., caused an Intentional Infliction of Emotional Distress, upon the Plaintiff Katrina Mateen, that as a result of the Assault and Battery upon her Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501. The Court must find this conduct of Defendant Officer, now Sergeant Kenneth Nassar, No.2., outrageous, intentional and/or negligent infliction of severe emotional distress upon Plaintiff Katrina Mateen, and her Son Jaheim McMillan; which amount to culpable negligence manslaughter through felony engagement; and /or culpable negligence manslaughter through criminal engagement. The Fourth Amendment protects a citizen of the United States from excessive force and illegal search and seizure. Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501, had a right to be free from excessive force and illegal seizure. Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

8. Defendant City of Gulfport, No.1. failed to properly train and supervise, Defendant Kenneth Nassar, No.2., who caused the Loss of Affection of Her Son Jaheim McMillan, that as a result of the Assault and Battery upon Plaintiff's Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No. 2., used excessive force by shooting him to death. The Wrongful Death of Jaheim McMillan. The Assault and Battery upon Jaheim McMillan, person on October 6, 2022, resulted in his wrongful death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

9. The Plaintiff adopt and incorporated herein by reference ¶¶ 1-8 if those paragraphs were fully setforth below:

## COUNT-2

**DEFENDANT KENNETH NASSAR IS RESPONSIBLE FOR JAHEIM McMILLAN DEATH ON OCTOBER 6, 2022, WHEN THE DEFENDANT FAILED TO PROPERLY EXERCISE WISE DISCRETION BEFORE THE DEFENDANT KENNETH NASSAR PULLED THE TRIGGER AND SHOT AND KILLED THE DECEASED WITHOUT PROBABLE CAUSE AND/OR JUSTIFICATION FOR HIS KILLING AT THE TIME OF THE ASSAULT AND BATTERY, USING EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO INTENTIONALLY INFLICT EMOTIONAL DISTRESS UPON HIS MOTHER KATRINA MATEEN AND TO DENY HER THE LOSS OF AFFECTION OF HER SON JAHEIM McMILLAN FOR ETERNITY OTHER THEN JAHEIM McMILLAN BEING A YOUNG BLACK YOUTH**

10. The Defendant Kenneth Nassar, No.2., is being sued in his individual capacity as a Police Officer, employed by the Gulfport Police Department, in Gulfport, Mississippi. The Defendant Officer/but now Sergeant Kenneth Nassar, No.2., who shot and killed Jaheim McMillan, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that his actions Defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

11. Defendant Kenneth Nassar, No. 2., is responsible for Jaheim McMillan, death on October 6, 2022, when the Defendant City of Gulfport, No.1., failed to properly train and supervisor the Defendant Kenneth Nassar, No.2., who shot and killed the deceased without probable cause and/or justification for his killing other then Jaheim McMillan, being a young Black youth, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that this Defendant Kenneth

Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

12. Defendant Kenneth Nassar, No.2., lied and tried to cover-up his actions on October 6, 2022, the Defendant Officer Kenneth Nassar, No.2., now promoted to Sergeant Kenneth Nassar, lost his qualified immunity at the time the Defendant shot and killed 15-year-old Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. "The Supreme court has defined the intentional torts of assault and battery as follows:

1). Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) the other is thereby put in such imminent apprehension." A battery goes one step beyond an assault in that a harmful contact actually occurs. See Webb v. Jackson, 583 So. 2d 946, 951 (Miss. 1991) (citation omitted). In the case at bar, the Plaintiff Katrina Mateen, asserts that Defendant Officer Kenneth Nassar, No.2., of the Gulfport Police Department, cannot claim qualified immunity. And Defendant Officer such as now Sergeant Kenneth Nassar, No. 2., when making an arrest, a police officer "may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters, but Defendant *Officer Now Sergeant Kenneth Nassar, No.2., cannot take the life of 15-year-old Jaheim McMillan, of the deceased or inflict upon Jaheim McMillan, great bodily harm except to save his own life or to prevent a like harm to himself.*" Id (Citing Holland v. Martin, 214 Miss. 1,9; 56 So.2d 398,400 (1952)). The Supreme court has further stated that "*the use of firearms by a police officer is not justified except to protect himself from reasonably apparent bodily harm or death at the hands of the suspect.*" See Whitten v. Cox, 799 So. 2d 1,8(¶11) (Miss. 2000). In *Kentucky v. Graham*, 473

U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the United States Supreme Court stated:

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation omitted). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity....

Mississippi law has been construed to recognize suits against public officials in their official capacity as being suits against the governmental entity they represent.

Although confusing, Plaintiff Katrina Mateen, lawsuit seems to be focused more on the issue of qualified immunity with respect to Defendant Officer, but now Sergeant Kenneth Nassar, No.2., than the issue of sovereign immunity. Therefore, this Court should address that aspect of Plaintiff's claims.

This Cause of Action happened on October 6, 2022, When Defendant Officer, now Sergeant Kenneth Nassar, No. 2., police officer of the Gulfport Police Department, shot and killed Jaheim McMillan, (Deceased) and other public officials in Mississippi were previously entitled to qualified immunity under Mississippi common law. *Barrett v. Miller,* 599 So.2d 559, 564 (Miss.1992). The purpose of the public official qualified immunity doctrine is to protect public officials in their decision-making roles and to encourage and safeguard their ability to exercise their discretion. *State v. Lewis,* 498 So.2d 321, 322 (Miss.1986). Therefore, a public official is

shielded by qualified public official immunity unless:

his *breach of a legal duty causes injury and* (1) that duty is ministerial in nature, *or* (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, *or* (3) the governmental actor commits an intentional tort. Beyond that, a governmental official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

*McFadden v. State,* 542 So.2d 871, 877 (Miss.1989)(emphasis added). The Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., and Defendant Officer, but now Sergeant Kenneth Nassar, No.2., both knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

13. Defendant Kenneth Nassar, No.2., caused an Intentional Infliction of Emotional Distress, upon the Plaintiff Katrina Mateen, that as a result of the Assault and Battery upon her Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501. The Court must find this conduct of Defendant Officer, now Sergeant Kenneth Nassar, No.2., outrageous, intentional and/or negligent infliction of severe emotional distress upon Plaintiff Katrina Mateen, and her

Son Jaheim McMillan; which amount to culpable negligence manslaughter through felony engagement; and /or culpable negligence manslaughter through criminal engagement. The Fourth Amendment protects a citizen of the United States from excessive force and illegal search and seizure. Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501, had a right to be free from excessive force and illegal seizure. Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

14. Defendant Kenneth Nassar, No.2., failed to follow the proper protocol in the apprehension of a criminal suspect before firing shots, by doing so the Defendant Kenneth Nassar, No.2., who caused the Loss of Affection of Her Son Jaheim McMillan, that as a result of the Assault and Battery upon Plaintiff's Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No. 2., used excessive force by shooting him to death. The Wrongful Death of Jaheim McMillan. The Assault and Battery upon Jaheim McMillan, person on October 6, 2022, resulted in his wrongful death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

15. The Plaintiff adopt and incorporated herein by reference ¶¶ 8-15 as if those paragraphs

    were fully setforth below:

### COUNT-3

The Plaintiff Katrina Danielle Mateen, also reserve her rights to amend her complaint to conform to the evidence, pursuant to MRCP 15(b) to sue these other defendants whom participated in covering up Jaheim McMillan's, death. The plaintiff had filed and served a copy of her notice of claim upon *these Defendants Gulfport Police Department employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford; Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting Agent); Michael Westbrook, (Special Agent); Roger Moore, Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent; Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 2220 15th Street, in Gulfport, Mississippi 39501,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

16. The Plaintiff adopt and incorporated herein by reference ¶¶ 8-17 as if those paragraphs

    were fully setforth below:

17. The Plaintiff Katrina Danielle Mateen, also reserve her rights to amend her complaint to

    conform to the evidence, pursuant to MRCP 15(b) to sue these other defendants whom

    participated in covering up Jaheim McMillan's, death. The plaintiff had filed and served a

    copy of her notice of claim upon *these Defendants Gulfport Police Department*

    *employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant*

    *Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford;*

    *Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting*

*Agent); Michael Westbrook, (Special Agent); Roger Moore, Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent;  Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 2220 15th Street, in Gulfport, Mississippi 39501,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

## RELIEF REQUESTED

**WHEREFORE,** the foregoing reasons the Plaintiff Katrina Danielle Mateen, respectfully moves this Honorable Court, to award her this amount in controversy in this lawsuit of *Ten Billion ($10,000,000,000.00) Dollar, against the Defendant City of Gulfport, No.1., and Defendant Officer, but now Sergeant Kenneth Nassar, No.2.,* for the Murdering and Death of her Son Jaheim McMillan, on October 6, 2022, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501.

Respectfully Submitted,

Katrina Danielle Mateen
*In Pro Per*
*111 N Lang Ave*
Log Beach, MS 39560
Ph. (228)-383-1663

Dated: September 19, 2023

## NOTICE OF CLAIM

To:
Rashida Bell
**City Clerk**
**City of Gulfport**
**2309 15th Street**
Gulfport, MS 39501
Ph. 228-868-5705 Ext.6549
Email: rbell@gulfport-ms.gov

(1). This *Notice of Claim* of *Wrongful Death,* pursuant to § 11-7-13 of *Jaheim McMillan, on October 6, 2022,* by Respondent Gulfport Police Officer, Kenneth Nassar, who has recently been promoted to Sergeant who shot and killed Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. The notice of claim is being served upon the *City clerk Rashida Bell,* pursuant to § 11-46-11(2)(a)(i)(2), and give the Respondent City of Gulfport, their Ninety (90) notice that a *lawsuit in the amount of Ten Billion ($10,000,000,000.00) Dollars* will be filed against the City of Gulfport, and their employees in their official and individual capacities; Respondents *Mayor Billy Hewes; Chief Administrative Officer Leonard Papania, who are employed at the Gulfport City Hall, located at 2309 15th Street, in Gulfport, Mississippi 39501; and the Respondents Gulfport Police Department employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford; Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting Agent); Michael Westbrook, (Special Agent); Roger Moore, Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent; Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 2220 15th Street, in Gulfport, Mississippi 39501,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

(2). As required by law Claimant Katrina Mateen, Mother of the Murdered Youth Jaheim McMillan, gives this notice of claim in writing, pursuant to § 11-46-11(2)(b)(i).

(3). Venue is proper for this wrongful death lawsuit will be brought in the Harrison County, 1St Judicial District, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501; Or in the Chancery Court, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501.

(4). "The determination for proper venue is governed by statute." Miss. Crime Lab. v. Douglas, 70 So. 3d 196, 202 (¶ 16) (Miss. 2011); see also Park on Lakeland Drive, Inc. v. Spence, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute." (quotingFlight Line, Inc. v Tanksley,608 So. 2d 1149, 1155 (Miss. 1992))). The application of the Mississippi Tort Claims Act and its venue statute is a question of law, to which the Mississippi Supreme Court applies de

novo review.Miss. Dep't of Hum. Servs. v. S.C., 119So. 3d 1011, 1013 (Miss. 2013); City of Jackson v. Harris,44 So. 3d 927, 931 (Miss. 2010). Indeed, it is well established that "statutory interpretation is a matter of law which this Court reviews de novo." Adams v. Baptist Mem'l Hosp.-DeSoto, Inc., 965 So. 2d 652, 655 (Miss.2007) (citing Franklin Collection Serv., Inc. v. Kyle, 955 So. 2d 284, 287 (Miss. 2007)). The claims are exclusively governed

by the Mississippi Tort Claims Act, Mississippi Code Sections 11-46-1 to -23 (Rev. 2019).Mississippi Code Section 11-46-7(1) provides:(2)The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.Miss. Code Ann. § 11-46-7(1) (Rev. 2019).¶9.The tort claims act is to "be interpreted as expressly written or by necessary implication in order to carry out the Legislature's intent to strictly limit the State's waiver of state sovereign immunity." Knight v. Miss. Transp. Comm'n, 10 So. 3d 962, 967 (Miss. Ct.App. 2009), overruled on other grounds by Little v. Miss. Dep't of Transp., 129 So. 3d 132(Miss. 2014). All parties agree that the Mississippi Tort Claims Act controls here. The specific venue provision of the tort claims act states:(2) The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event

on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection

shall control in all actions filed against governmental entities, notwithstanding that other Respondents which are not governmental entities may be joined in the suit, and notwithstanding the

provisions of any other venue statute that otherwise would apply. Miss. Code. Ann. § 11-46-13(2) (Rev. 2019) (emphasis added).


(5). In this case the Claimant Katrina Mateen, maintains that on October 6, 2022, Respondent Officer Kenneth Nassar, now promoted to Sergeant Kenneth Nassar, lost his qualified immunity at the time Respondent shot and killed 15 year old Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. "The Supreme court has defined the intentional torts of assault and battery as follows:

1). Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) the other is thereby put in such imminent apprehension." A battery goes one step beyond an assault in that a harmful contact actually occurs. See Webb v. Jackson, 583 So. 2d 946, 951 (Miss. 1991) (citation omitted). In the case at bar, the Claimant Katrina Mateen, asserts that Respondent Officer Kenneth Nassar, of the Gulfport Police Department, cannot claim qualified immunity. An Officer such as now Sergeant Kenneth Nassar, when making an arrest, a police officer "may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters,

2

but *Officer Now Sergeant Kenneth Nassar, can not take the life of 15 year old Jaheim McMillan, of the accused or inflict upon Jaheim McMillan, great bodily harm except to save his own life or to prevent a like harm to himself.*" Id (Citing Holland v. Martin, 214 Miss. 1,9; 56 So.2d 398,400 (1952)). The Supreme court has further stated that "*the use of firearms by a police officer is not justified except to protect himself from reasonably apparent bodily harm or death at the hands of the suspect.*" See Whitten v. Cox, 799 So. 2d 1,8(¶11) (Miss. 2000).

(6). In Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the United States Supreme Court stated:

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation omitted). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity....

Mississippi law has been construed to recognize suits against public officials in their official capacity as being suits against the governmental entity they represent.

Although confusing, Brumfield's appeal seems to be focused more on the issue of qualified immunity with respect to Officer Gill than the issue of sovereign immunity. Therefore, we will address that aspect of Brumfield's claim.

This Cause of Action happened on October 6, 2022, When Respondent Officer, now Sergeant Kenneth Nassar, police officer of the Gulfport Police Department, shot and killed Jaheim McMillan, and other public officials in Mississippi were previously entitled to qualified immunity under Mississippi common law. Barrett v. Miller, 599 So.2d 559, 564 (Miss.1992). The purpose of the public official qualified immunity doctrine is to protect public officials in their decision-making roles and to encourage and safeguard their ability to exercise their discretion. State v. Lewis, 498 So.2d 321, 322 (Miss.1986). Therefore, a public official is shielded by qualified public official immunity unless:

his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) the governmental actor commits an intentional tort. Beyond that, a governmental official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

McFadden v. State, 542 So.2d 871, 877 (Miss.1989)(emphasis added).

## CLAIMANT KATRINA MATEEN ASSERTED CLAIMS ARE

A. Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Officer, now Sergeant Kenneth Nassar, used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501;

B. Intentional Infliction of Emotional Distress, that as a result of the Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Officer, now Sergeant Kenneth Nassar, used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501. The court must find this conduct of Officer, now Sergeant Kenneth Nassar, outrage, intentional and/or negligent infliction of severe emotional distress; which amount to culpable negligence manslaughter through felony engagement; and /or culpable negligence manslaughter through criminal engagement;

C. Loss of Affection of Her Son Jaheim McMillan, that as a result of the Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Officer, now Sergeant Kenneth Nassar, used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501;

D.The Fourth Amendment protects a citizen of the United States from excessive force and illegal search and seizure. Jaheim McMillan, on October 6, 2022, that resulted in his death when Officer, now Sergeant Kenneth Nassar, used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501, had a right to be free from excessive force and illegal seizure.

E. The Wrongful Death of Jaheim McMillan. The Assault and Battery upon Jaheim McMillan, on October 6, 2022, resulted in his wrongful death when Officer, now Sergeant Kenneth Nassar, used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501;

F. The Claimant Katrina Mateen, will also sue the City of Gulfport, and it's Employees for the Slander and Defamation of Jaheim McMillan's name in relationship to his wrongful death, on October 6, 2022. And the Claimant reserve the right to set forth additional claims as knowledge of them become available.

(7). The Claimant Katrina Mateen, will serve Pursuant to § 11-46-11(2)(b)(ii), the original personally deliver upon the City Clerk Rashida Bell, at 2309 15th Street, in Gulfport, Mississippi 39501, this notice of claim.

(8). The Claimant Katrina Mateen, have caused to be served a copy of the notice of claim upon these *Respondents Gulfport Police Department employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford; Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting Agent); Michael Westbrook, (Special Agent); Roger Moore,*

4

*Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent; Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 14035 Airport Road, in Gulfport, Mississippi 39503, and Lynn Fitch, located at 550 High Street, in Jackson, Mississippi 39201,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

Respecfully,

Katrina Mateen
*In Pro Per*
*1712 45th Avenue*
Gulfport, Mississippi 39501
Ph. (228)-383-1663

Dated: May 30, 20231

# COVER SHEET

## Civil Case Filing Form

*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| **County #** `2` `4` | **Judicial District** `1` | **Court ID (CH, CI, CO)** `C I` | `2` `0` `2` `3` | `0` `0` `3` `7` `9` |

**Local Docket ID**

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

**Month** `1 0` **Date** `0 4` **Year** `2 3`
This area to be completed by clerk

**Case Number If filed prior to 1/1/94**

| In the | Court of | County — | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Mateen** *Last Name*    **Katrina** *First Name*    *Maiden Name, if applicable*    **D** *M.I.*    *Jr/Sr/III/IV*

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**

**Attorney (Name & Address)**    MS Bar No.
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Katrina Mateen/IN Pro Per*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual **City of Gulfport, ET IAL** *Last Name*    *First Name*    *Maiden Name, if applicable*    *M.I.*    *Jr/Sr/III/IV*

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**    MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [X] Wrongful Death
- [ ] Other

IN THE_____ COURT OF _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____ _____ _____          Docket No. If Filed
            File Yr       Chronological No.       Clerk's Local ID          Prior to 1/1/94_____

DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

Defendant # ___ :

Individual: __Mateen__ _____ __Katrina__ ____ (_____) __D__ _____
                  Last Name              First Name        Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name belo

D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

Defendant # ___ :

Individual: __Nassar__ _____ __Kenneth__ ____ (_____) _____ _____
                  Last Name              First Name        Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name belo

D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

Defendant # ___ :

Individual: _____ _____ _____ ____ (_____) _____ _____
                  Last Name              First Name        Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name belo

D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

STATE OF MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT
KATRINA DANIELLE MATEEN

      Plaintiff,

HON:
Case No. A2401-23-379

v.

## SUMMONS

THE STATE OF MISSISSIPPI
TO: DEFENDANT CITY OF GULFPORT, No. 1., IS BEING SUED IN THEIR OFFICIAL
CAPACITY AS THE GOVERNING BODY FOR THE CITY OF GULFPORT, MISSISSIPPI
LOCATED AT 2309 15TH STREET, IN GULFPORT, MISSISSIPPI 39501 FOR
PROTECTING THEN OFFICER/ BUT NOW SERGEANT KENNETH NASSAR WHO SHOT
AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR
STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.

      Defendant.

## NOTICE TO DEFENDANT
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
**Katrina Danielle Mateen**, the attorney for the Plaintiffs), whose address is 111 N. Lang Ave, in
Long Beach, MS 39560. Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered against
you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court, at **1801
23rd Ave Ste 2, Gulfport MS 39501** within a reasonable time afterward.

Issued under my hand and the seal of said Court, this **2nd** day of **October, 2023**.



By: [signature]

Clerk of Harrison County

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

STATE OF MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT
KATRINA DANIELLE MATEEN

        Plaintiff,

                                    HON:
                                    Case No. A2401-23-379

v.

SUMMONS

THE STATE OF MISSISSIPPI
TO: DEFENDANT KENNETH NASSAR, No.2., IS BEING SUED IN HIS INDIVIDUAL
CAPACITY AS OFFICER/BUT NOW SERGEANT AND WAS AT ALL TIMES RELEVANT
TO THESE PROCEEDINGS WAS EMPLOYED BY THE GULFPORT POLICE
DEPARTMENT, LOCATED AT 2220 15TH STREET, IN GULFPORT, MISSISSIPPI 39501,
WHILE WORKING UNDER THE COLOR OF STATE LAW AT THE TIME THE
DEFENDANT SHOT AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE
FAMILY DOLLAR STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI
39501

        Defendant.

NOTICE TO DEFENDANT
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
**Katrina Danielle Mateen**, the attorney for the Plaintiffs), whose address is 111 N. Lang Ave, in
Long Beach, MS 39560.Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered against
you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court, at **1801
23rd Ave Ste 2, Gulfport MS 39501** within a reasonable time afterward.

Issued under my hand and the seal of said Court, this **2nd** day of **October, 2023**.

By: 

Clerk of _Harrison_ _____ aty

_CONNIE LADNER, CIRCUIT CLERK_
_HARRISON COUNTY_
PO BOX 998
GULFPORT, MS 39502

10-5-23

Served by Leroy Saenz on
October 5, 2023 at 10:05am
at City Hall with Harrison
County Sheriff Office
P4311

STATE OF MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT
KATRINA DANIELLE MATEEN

        Plaintiff,

                               HON:
                               Case No. A2401-23-379

v.

                        SUMMONS

THE STATE OF MISSISSIPPI
TO: DEFENDANT CITY OF GULFPORT, No. 1., IS BEING SUED IN THEIR OFFICIAL
CAPACITY AS THE GOVERNING BODY FOR THE CITY OF GULFPORT, MISSISSIPPI
LOCATED AT 2309 15TH STREET, IN GULFPORT, MISSISSIPPI 39501 FOR
PROTECTING THEN OFFICER/ BUT NOW SERGEANT KENNETH NASSAR WHO SHOT
AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR
STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.


        Defendant.

                    NOTICE TO DEFENDANT
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand-deliver a copy of a written response to the Complaint to
**Katrina Danielle Mateen**, the attorney for the Plaintiffs), whose address is 111 N. Lang Ave, in
Long Beach, MS 39560.Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered against
you for the money or other things demanded in the complaint.


     You must also file the original of your response with the Clerk of this Court, at **1801
23rd Ave Ste 2, Gulfport MS 39501** within a reasonable time afterward.


Issued under my hand and the seal of said Court, this **2nd** day of **October, 2023**.

I have this day executed the within
Writ by Personally serving
City of Gulfport City Hall
This is the 5 Day of Oct ,2023
Troy Peterson, Sheriff 387
By Leroy Saenz D.S.

F I L E D
OCT 12 2023
CONNIE LADNER
CIRCUIT CLERK
BY Chrissy Duncan D.C.

RECEIVED
Harrison County Sheriff
Troy Peterson, Sheriff
OCT 04 2023

1-2023-80021

By: _____

Clerk of Harrison County Mississippi

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502