IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                                                 PLAINTIFF

VS                                                        CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No.. 1., is being sued in their official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501                     DEFENDANTS

**MEMORANDUM OF AUTHORITIES OF CITY OF GULFPORT,
MISSISSIPPI IN SUPPORT OF ITS "MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12 OR FED. R. CIV. P. 56" [DOC. 3]**

COMES NOW the City of Gulfport, Mississippi ("City"), identified as a Defendant in the

above cause, by and through undersigned counsel and, without waiving any objection, response,

immunity, or defense  it may have to the "Complaint" [Doc. 1], be they affirmative or otherwise,

1

submits this its Memorandum of Authorities in support of its "Motion to Dismiss Pursuant to FED. R. CIV. P. 12 Or FED. R. CIV. P. 56" ("Motion to Dismiss").[1]

## I. INTRODUCTION

Plaintiff, Katrina Mateen ("Plaintiff") filed her purported "Complaint" with the Circuit Court of Harrison County, First Judicial District, Mississippi on October 4, 2023, which thereby initiated this proceeding. The Complaint identified the City of Gulfport, Mississippi ("City") as a Defendant. The "Complaint" purports to assert violations of the "Fourth Amendment" to the United States Constitution involving the City due to "excessive force" and an "illegal search and seizure". See e.g., Pl.'s Compl., p. 8 (¶ 7) (Exhibit "A").[2] Plaintiff's "Complaint" also asserts state law claims against the City for "assault and battery," "intentional infliction of emotional dismiss," criminal "manslaughter," and for negligent "training." See id., pp. 5, 7-9. On the basis of "federal question" jurisdiction, the City filed a "Notice of Removal" [Doc. 1] with the instant Court on October 4, 2023.

Plaintiff's purported federal law claims against the City have not been adequately asserted and are without merit. Alternatively, since there are no genuine issues of fact in connection with same, the City is entitled to a summary judgment in accordance with FED. R. CIV. P. 56. Plaintiff's purported state law claims against the City are equally without merit and have no legal basis. Consequently, Plaintiff's "Complaint" must be dismissed.

---

[1] The City's dispositive Motion is pursued without waiving or limiting any defense, objection, right, or immunity available to or conferred upon the City under the Federal Rules of Civil Procedure, including, without limitation, Rules 4, 8, 9, 12, 13, 14, 17, and 19, as well as any set forth in or afforded as a result of any local, state, and/or federal statutory or decisional law or constitution (*e.g.*, lack of standing, lack of legal capacity, lack of subject matter jurisdiction, sovereign immunity, etc.).

[2] Unless specifically noted otherwise, all references to exhibits herein refer to those attached to the City's instant "Motion to Dismiss."

## II.  LAW AND ARGUMENT

    A.  FEDERAL LAW CLAIMS.

Plaintiff's federal law claims against the City appear to be pursued under 42 U.S.C. § 1983.  Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law.  See Migra v. Warren City School District Board of Educ., 465 U.S. 75, 82 (1984).  It "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights conferred elsewhere."  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)).

Plaintiff has failed to adequately state a claim for relief against the City herein.  See Monell v. Dept. of Social Services, 436 U.S. 658, 690-94 (1978).  "Liability under 42 U.S.C. § 1983 may not be imposed on a government entity on a theory of respondeat superior for the actions of government employees." Id.  Instead, such an entity may be liable under § 1983 only where the alleged unconstitutional activity is inflicted pursuant to execution of official policy or custom.  Id.  The burden is on the Plaintiff to adequately and properly plead the existence of such an official policy or custom at the onset of litigation.  See Kaiser Aluminum & Chem. Sales, Inc., 677 F.2d at 1050.  No where in Plaintiff's "Complaint" is there a proper reference whatsoever to an alleged "policy" or "custom" attributed to any governmental entity in this case and factually supported allegations causally relating such "policy" or "custom" to a constitutional violation.  See generally Exhibit "A" (Pl.'s Compl.).  Vague and conclusory assertions are insufficient.  In addition, negligent violations of federally-secured rights are not actionable.  Consequently, Plaintiff has failed to state a claim for relief with respect to a federal law claim against the City, and the City must be dismissed.  See Monell, 436 U.S. at 690-94.

B.  STATE LAW CLAIMS.

Plaintiff's purported state law claims fall exclusively within Mississippi's Tort Claims Act (the "Tort Claims Act").  See Miss. Code Ann. § 11-46-7(1).  In Mississippi, claims seeking recovery for damages or injury against municipal corporations, such as the City of Gulfport, are governed by the "Tort Claims Act" enumerated at Miss. Code Ann. § 11-46-1, *et seq.*  As Miss. Code Ann. § 11-46-7 holds:

> [t]he remedy provided by this chapter against a governmental entity or its employee **is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or sui**t; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

(Emphasis added).[3]

   1.  *"Assault and Battery."*

Plaintiff's Complaint attempts to assert tort claims against the City for "assault" and "battery" allegedly committed by a City employee (police officer).  See Exhibit "A," pp. 7-8.  Mississippi's "Tort Claims Act" provides:

> "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations."

Miss. Code Ann. § 11-46-5(2).  The Mississippi Supreme Court has held that torts that require proof of malice as an essential element are excluded from the Tort Claims Act under this Section (and are therefore those for which a governmental entity cannot be liable).  See Zumwalt v. Jones

---

[3] The Movant reserves and does not waive any immunities to which it is entitled or may be afforded under Miss. Code Ann. § 11-46-9(1).

4

County Board of Supervisors, 19 So. 3d 672, 688-89 (Miss. 2009).  "Assault" and "battery" claims are intentional torts that both require elements of malice.  See Webb v. Jackson, 583 So. 2d 946, 951 (Miss. 1991).  As such, the City is immune from liability with respect to such intentional tort claims.

        2. *"Intentional Infliction of Emotional Distress."*

Plaintiff further appears to allege that the City is liable herein for "intentional infliction of emotional distress."[4]  See Exhibit "A" (Pl.'s Compl.), p. 5 (¶ 34).  The same argument and legal authorities cited previously herein would be applicable to such a tort claim, as the same would require a finding of "malicious" intent on the part of the purported tortfeasor, and the City cannot be liable for the same under the Act.[5]  See e.g., Williamson ex rel. Williamson v. Keith, 786 So. 2d 390, 394 (Miss. 2001).  This was specifically noted in the Mississippi Court of Appeals' decision in Weible v. University of Southern Mississippi, 89 So. 3d 51, 64 (Miss.App. 2011) (holding that to extent claim for infliction of emotional distress is predicated or based on behavior that is "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless," same would be excluded from being actionable against a governmental entity under the Tort Claims Act) (citing Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc., 759 So. 2d 1023, 1211 (Miss. 2000) (quoting Leaf River Forest Products, Inc. v. Ferguson, 662 So. 2d 648, 659 (Miss. 1995))).

---

[4]It is not clear from Plaintiff's Complaint whether she is attempting to claim she herself has a personal claim for "intentional infliction of emotional distress" arising out of the alleged incident sued upon, or whether she is attempting to claim a right of recovery that is derivative from the incident involving someone else.

[5]To the extent Plaintiff is attempting to assert a claim for "slander" or "defamation," again, pursuant to Mississippi's "Tort Claims Act," an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted …. slander [or] defamation."  Miss. Code Ann. § 11-46-5(2).

### 3. Criminal "Manslaughter."

Plaintiff also appears to allege that the City is liable herein for criminal "manslaughter." See Exhibit "A" (Pl.'s Compl.), p. 8. The same argument and legal authorities cited previously herein would similarly be applicable to such a tort claim, as "manslaughter" (or any crime other than "traffic violations") would require a finding of "criminal" or "malicious" intent on the part of the culpable party, and the City cannot be liable for the same under the Act. See Miss. Code Ann. § 11-46-5(2) ("a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, liable, slander, defamation or any criminal offense other than traffic violations").

### 4. Immunity under the Tort Claims Act; Negligent "Training."

To the extent any of Plaintiff's claims against the City are construed to arise out of acts that were committed within the course and scope of employment of a City employee, these would equally fall exclusively within the Tort Claims Act. See Miss. Code Ann. § 11-46-7(1). Again, this Act provides the Plaintiff with his exclusive remedy (under state law) against the City. See Id. Under this Act, a municipal corporation and its employees who are engaged in the performance or execution of duties or activities relating to "police protection" are sovereignly immune from suits arising out of the alleged acts or omissions attributed to the City or its employees unless such employees acted in reckless disregard of the safety and well-being of a person not engaged in criminal activity at the time of the alleged injury. See Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019). It appears from Plaintiff's "Complaint" [Doc. 1] that she is attempting to claim that a City law enforcement officer discharged a police weapon that resulted in death. In Mississippi, there is a presumption that acts or omissions attributed to police officers are protected from liability and subject to sovereign immunity. The burden to overcome such

immunity is on the Plaintiff.  See Simpson v. City of Perkins, 761 So. 2d 855, 857 (Miss. 2000). As seen by the paucity of factually supported allegations in the Complaint, Plaintiff cannot discharge this burden.  See Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019).  The Complaint fails to allege any wrongdoing with respect to the arresting law enforcement officer other than simply relying on conclusions and subjective and bald assertions.  As a result, the City would be immune with respect to any claims emanating from such actions.[6]

Under this same Act, the City would also be immune from liability for claims based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof "whether or not the discretion be abused."  See Miss. Code Ann. § 11-46-9(1)(d).  The City would further be immune from liability for those claims arising out of a "legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature" and/or arising out of "any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid."  See id., § 11-46-9(1)(a), § 11-46-9(1)(b).

With respect to the so-called "discretionary" immunity provision found in Miss. Code Ann. § 11-46-9(1)(d), Plaintiff's "Complaint" attempts to assert claims under state law for negligent "training" and those derivative therefrom.  See e.g., Exhibit "A" (Pl.'s Compl.), p. 9. In Mississippi, the seminal and latest appellate decision comprehensively addressing this provision is the Mississippi Supreme Court's case of Wilcher v. Lincoln County Board of

---

[6]Again, the City reserves and does not waive any immunities to which it is entitled or may be afforded under Miss. Code Ann. § 11-46-9(1).

7

Supervisors, 243 So. 3d 177 (Miss. 2018), which has since also been addressed by the Mississippi Court of Appeals in the case of Shutze v. City of Pearl, 282 So. 3d 669, 672 (Miss.App. 2019).  The Shutze Court recognized that the "purpose of th[is] exemption is to prevent judicial second-guessing of legislative and administrative decisions grounded in' public policy."  Id.  (Quoting Wilcher, 243 So. 3d at 182).  The Court's public policy test has two (2) parts:  (1) does the activity involve an element of choice or judgment; and (2) does the choice or judgment involve social, economic or political-policy decisions.  Id.  As the Shutze Court held, when applying the discretionary function exemption (immunity), a court must "distinguish between real policy decisions implicating governmental functions and simple acts of negligence which injure innocent citizens."  Shutze, 282 So. 3d at 674 (quoting Pratt v. Gulfport-Biloxi Regional Airport Authority, 97 So. 3d 68, 76 (Miss. 2012) (Waller, C.J., dissenting)).

In City of Clinton v. Tornes, 252 So. 3d 34 (Miss. 2018), the Mississippi Supreme Court addressed the issue of claims for negligent "training" against a law enforcement agency.  In Tornes, the plaintiff alleged that the city had acted negligently in training its officer and in entrusting him with one of its police vehicles.  Tornes, 252 So. 3d at 39.  Addressing these claims, the Mississippi Supreme Court held:

> Very recently, this Court returned to its traditional, two-part, public-policy function test to determine when Section 11-46-9(1)(d) applies.  *Wilcher v. Lincoln Cty. Bd. of Supervisors*, 243 So. 3d 177 (Miss. 2018).  Under this test, "[t]his Court first must ascertain whether the activity in question involved an element of choice or judgment."  *Id.*, at 187 (quoting *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789. 795 (Miss. 2012)). "If so, this Court also must decide whether that choice or judgment involved social, economic, or political-policy considerations." *Id.*
>
> Applying this test to the claim of negligent supervision of police officers, this Court has answered both questions affirmatively.  *Powell*, 917 So. 2d at 74.  This Court has held that a municipality must "exercise its judgment in the manner in which it chooses to supervise its officers."  *Id.*  And "[t]here is no doubt that the choice to employ and the manner of supervision of police officers does affect

8

> public policy[.]" *Id.* Thus, "[t]he manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government[.]" *Id.*
>
> *Tornes*' claims that the City was negligent in training Officer Kelly to operate a police vehicle and entrusting Officer Kelly with a police vehicle both challenge "[t]he manner in which a police department supervises, disciplines and regulates its police officers[.]" *Id.* So through these claims, *Tornes* seeks to hold the City liable for its exercise of a discretionary function-actions which are clearly immune under Section 11-46-9(1)(d).

Id., at 39-40. See also Shutze v. City of Pearl, 282 So. 3d 669 (Miss.App. 2019) (holding that matters "dealing with personnel, including the hiring, supervision and training of employees were determined to be discretionary functions in the post-*Wilcher* case of *City of Clinton v. Tornes*, 252 So. 3d 34, 40 (¶23) (Miss. 2018)").

Consequently, even assuming Plaintiff's allegations as stated, Plaintiff's purported claims for negligent "training" (and any derivative thereof (*e.g.*, negligent supervision, etc.)) clearly involve a discretionary function as set out in the Tornes and Shutze decisions. As a result, Plaintiff's Complaint has failed to adequately set forth a proper cause of action upon which relief can be granted for such claims.

### III. CONCLUSION

For each and all of the reasons stated herein and in the pending Motion and any supportive rebuttal or further memoranda, it is respectfully submitted that this Honorable Court should issue an Order granting the City's "Motion to Dismiss Pursuant to FED. R. CIV. P. 12 Or FED. R. CIV. P. 56," dismissing the City of Gulfport from this proceeding and awarding the movant all costs associated with pursuing this Motion and all such other relief, equitable or otherwise, as this Honorable Court finds appropriate.

RESPECTFULLY SUBMITTED, this the __13th__ day of November, 2023.

                        CITY OF GULFPORT, MISSISSIPPI

                        By: *s/ Jeffrey S. Bruni*
                            JEFFREY S. BRUNI, ESQ.
                            Attorney for City of Gulfport, Mississippi
                            MS Bar License No. 9573

### ***CERTIFICATE OF SERVICE***

I, Jeffrey S. Bruni, Esq., Attorney for the City of Gulfport, Mississippi, do hereby certify that I have on this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF/MEC system, which should send notification of such filing to the Plaintiff, Katrina Mateen, 111 N. Lang Avenue, Long Beach, Mississippi 395060 and to all counsel of record who have made an appearance in this matter.

This the 13th day of November, 2023.
.

                            *s/ Jeffrey S. Bruni*
                            JEFFREY S. BRUNI

JEFFREY S. BRUNI, ESQ.
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI  39502
TELEPHONE:  (228) 868-5811
FACSIMILE:  (228) 868-5795