IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                                                   PLAINTIFF

VS                                                       CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No.. 1., is being sued in their official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501                DEFENDANTS

**REBUTTAL MEMORANDUM OF CITY OF GULFPORT, MISSISSIPPI
IN SUPPORT OF ITS "MOTION TO DISMISS PURSUANT TO
<u>FED. R. CIV. P. 12 OR FED. R. CIV. P. 56" [DOC. 3]</u>**

COMES NOW the City of Gulfport, Mississippi ("City"), identified as a Defendant in

the above cause, (referred to herein as "movant" or "City") by and through undersigned counsel

and, without waiving any objection, response, or defense it may have to the "Complaint" and

any amended or supplemental version or part thereof, be they affirmative or otherwise, and

1

submits this its Rebuttal Memorandum in support of its "Motion to Dismiss Pursuant to FED. R. CIV. P. 12 Or FED. R. CIV. P. 56 [DOC. 3]" ("Motion").

## I.  PREFACE

The City filed its dispositive Motion [Doc. 3] in this cause on November 13, 2023.  In accordance with this Honorable Court's Uniform Local Rules, a response to this Motion was due by November 27.  On November 22, 2023, Plaintiff, Katrina Mateen ("Plaintiff") filed a motion [Doc. 5] seeking an additional six (6) months (120 days) to respond.  On November 27, 2023, the Court issued a text Order which granted Plaintiff's motion [Doc. 6] in part by extending Plaintiff an additional thirty (30) days through December 27, 2023, to submit a response to the dispositive Motion.  On December 27 Plaintiff filed a two-paged typed document entitled "Motion (sic) in Opposition to Defendants (sic) Motion to Dismiss And For Summary Judgment" [Doc. 8] (herein referred to as "Response" or "Plaintiff's Response").  In this filed document, the typed word "Motion" in this title was stricken through by a hand-drawn line by an unknown person and the handwritten word "Response" was interlineated above the stricken word "Motion."  Plaintiff appears to have attached to this "Response" a document that she contends is an "Affidavit" [Doc. 8-1] as well as five (5) pieces of paper each identified by Plaintiff as "exhibits" and appearing to be photos of photos on an electronic device.  On the same date (December 27) Plaintiff also filed a document entitled "Memorandum of Law in Opposition to Defendants (sic) Motion to Dismiss And For Summary Judgment" [Doc. 9], which Plaintiff asserts is her brief in support of her Response.[1]  Despite Plaintiff's best effort at obfuscation, it is patently clear that her Complaint

---

[1] On the same date, Plaintiff also filed a document entitled "Second Motion for an Order for Extension of Time for Thirty (30) Days to Response to Defendants (sic) Motion to Dismiss and for the Court to Order the Defendant Ken Nassar to be Served by the United States

fails to properly assert a legal claim against the City. Her submission of a defective "affidavit" cannot resuscitate her claims, nor can it stave off the inevitable dismissal.[2]

## II. LAW AND ARGUMENT

A. FEDERAL LAW CLAIMS.

Again, Plaintiff's Complaint purports to seek violations of the "Fourth Amendment" to the United States Constitution involving the City due to "excessive force" and an "illegal search and seizure". See e.g., Pl.'s Compl., p. 8 (¶ 7) (Exhibit "A").[3] As set out in the City's Motion [Doc. 3], Plaintiff's claims against the City are inadequate and insufficient to base any liability against it under 42 U.S.C. § 1983. Plaintiff's "Response" [Doc. 8] and "Brief" [Doc. 9] completely rely on a purported "Affidavit" [Doc. 8-1] and a recitation of cases pertaining to the standard of FED. R. CIV. P. 12(b)(6). Neither of these can be used to thwart dismissal of the City. In fact, there can be no question that the cases cited by Plaintiff actually highlight the

---

Marshalls (sic)" [Doc. 7] and a document entitled "Motion to Proceed In Forma Pauperis" [Doc. 10]. Plaintiff's "Second" motion seeking an extension of time to respond to the pending dispositive motion is moot in that Plaintiff has now filed a "Response" and "Brief" in reply to the dispositive motion. Obviously, Plaintiff cannot have it both ways. She cannot on the one side of her mouth claim that she "needs extra time to respond" but on the other side of her mouth file a response and supporting brief at the same time. Moreover, Plaintiff has already had forty-four (44) days time to submit her response. And no where in her filings with the Court on December 27, 2023, does she set out where or how she did not have an adequate time to develop or interpose a response to the City's Motion [Doc. 3] or to substantiate a need for such a further extension of time. The City herein adopts and incorporates its separate reply to Plaintiff's "Second" motion for time [Doc. 7] as well as its separate reply to Plaintiff's "Motion to Proceed In Forma Pauperis" [Doc. 10].

[2]The City herein adopts and incorporates its separate "Motion to Strike" with respect to this defective "affidavit," which is neither properly summary judgment evidence nor proper as an effort to supplement or complement the Complaint in reply to the pending dispositive motion [Doc. 3].

[3]Unless specifically noted otherwise, all references to exhibits herein refer to those attached to the City's instant "Motion to Dismiss."

3

deficiencies and defects with Plaintiff's claims and actually therefore demonstrate the need for dismissal.

Indeed, Plaintiff's claims against the City must be dismissed as frivolous and for failure to state a claim. "Section 1983 claims may be brought against government employee 'in their individual or official capacity, or against a governmental entity.'" Ducksworth v. Rook, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting Goodman v. Harris County, 571 F.3d 388, 395 (5th Cir. 2009)). "Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" Id. (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy custom" can be either: "(1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Felter v. Brown, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing McGregory v. City of Jackson, 335 F. App'x 446, 448-49 (5th Cir. 2009)). "To advance beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." Pena v. City of Rio Grande City, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Purely and simply, Plaintiff has failed to allege any facts to maintain this action against the City. Plaintiff has "alleged no specific policy statement, ordinance, regulation, or decision

that was the moving force" behind the alleged constitutional violation. See Ducksworth, 2015 WL 737574, at *2. Her pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." See id. (quotations and alterations omitted); see also Handshaw v. Biloxi Police Department, No. 1:19-cv-00821-HSO-JCG, 2020 WL 592338, at * 2 (S.D.Miss. Feb. 6, 2020) (dismissing claims against the City of Biloxi for the plaintiff's failure to identify "any official custom, policy, or practice by the City" that caused the constitutional violation against him). Plaintiff's claims against the City herein must be dismissed with prejudice as frivolous and for failure to state a claim.

    B. STATE LAW CLAIMS.

Again, Plaintiff's "Complaint" also purports to assert several different state law claims for "assault and battery," "intentional infliction of emotional dismiss," criminal "manslaughter," and for negligent "training." See Exhibit "A," pp. 5, 7-9. Plaintiff's "Response" [Doc. 8] and "Brief" [Doc. 9] fail to raise a single argument or even a citation to any statutory or decisional law or procedural or substantive rule in objection of the relief. The basis for the City's Motion [Doc. 3] seeking dismissal of these state tort claims is one in law. Plaintiff has provided no basis for the need of more than forty-four (44) days to attempt to come up with arguments in reply to the straightforward grounds presented in the City's Motion. Again, Plaintiff's exclusive remedy against this Defendant is under Mississippi's Tort Claims Act. See Miss. Code Ann. § 11-46-7(1). Plaintiff's claims (with the exception of one for negligent "training") are based on elements of "malice" and "intent" and are clearly outside of the Tort Claims Act and cannot be the basis of any legal claim against the City under the Act. See Zumwalt v. Jones County Board of Supervisors, 19 So. 3d 672, 688-89 (Miss. 2009); see e.g., Webb v. Jackson, 583 So. 2d 946,

951 (Miss. 1991) (recognizing "assault" and "battery" claims are intentional torts that require elements of malice); Weible v. University of Southern Mississippi, 89 So. 3d 51, 64 (Miss.App. 2011) (holding that to extent claim for infliction of emotional distress is predicated or based on behavior that is "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless," same would be excluded from being actionable against a governmental entity under the Tort Claims Act) (citing Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc., 759 So. 2d 1023, 1211 (Miss. 2000) (quoting Leaf River Forest Products, Inc. v. Ferguson, 662 So. 2d 648, 659 (Miss. 1995))); Miss. Code Ann. § 11-46-5(2) ("a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, liable, slander, defamation or any criminal offense other than traffic violations"; hence, the City cannot be held liable for "criminal manslaughter").

With respect to Plaintiff's claim for negligent "training," again, such a claim is not legally cognizable as asserted and one for which the City would be immune. See e.g., Exhibit "A" (Pl.'s Compl.), p. 9.  Although Plaintiff has not responded to this salient issue, to the extent her claims are construed to arise out of acts that were committed within the course and scope of employment of a City employee, these would equally fall exclusively within the Tort Claims Act. See Miss. Code Ann. § 11-46-7(1).  In addition to other exemptions from liability set out in this Act, and as referenced in the City's "Memorandum of Authorities" [Doc. 4], the City would also be immune from liability for claims based on negligent "training" (as well as negligent supervision, oversight, hiring, and discipline of law enforcement personnel). See City of Clinton v. Tornes, 252 So. 3d 34, 39-40 (Miss. 2018); see also Shutze v. City of Pearl, 282 So. 3d 669 (Miss.App. 2019) (holding that matters "dealing with personnel, including the hiring, supervision

and training of employees were determined to be discretionary functions in the post-*Wilcher* case of *City of Clinton v. Tornes*, 252 So. 3d 34, 40 (¶23) (Miss. 2018)").

In sum, Plaintiff's claims as presented have no legal basis or merit. As a result, they must be dismissed. Plaintiff's failure to substantively address the City's dispositive Motion [Doc. 3] merely serves to validate these obvious defects and deficiencies.

### III.  CONCLUSION

For each and all of the reasons stated herein and in the pending Motion and its supportive memoranda, it is respectfully submitted that this Honorable Court should issue an Order granting the City's "Motion to Dismiss Pursuant to FED. R. CIV. P. 12 Or FED. R. CIV. P. 56" [Doc. 3] dismissing the City of Gulfport from this proceeding and awarding the movant all such other relief, equitable or otherwise, as this Honorable Court finds appropriate.

RESPECTFULLY SUBMITTED, this the __3rd__ day of January, 2024.

                                               CITY OF GULFPORT, MISSISSIPPI


                                               By: *s/ Jeffrey S. Bruni*
                                                    JEFFREY S. BRUNI, ESQ.
                                                    Attorney for City of Gulfport, Mississippi
                                                    MS Bar License No. 9573

## *CERTIFICATE OF SERVICE*

  I, Jeffrey S. Bruni, Esq., Attorney for the City of Gulfport, Mississippi, do hereby certify that I have on this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF/MEC system, which should send notification of such filing to the Plaintiff, Katrina Mateen, 111 N. Lang Avenue, Long Beach, Mississippi 395060 and to all counsel of record who have made an appearance in this matter.

  This the 3rd day of January, 2024.
.

              *s/ Jeffrey S. Bruni*
              JEFFREY S. BRUNI


JEFFREY S. BRUNI, ESQ.
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI 39502
TELEPHONE: (228) 868-5811
FACSIMILE: (228) 868-5795