STATE OF MISSISSIPPI

## IN THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT

KATRINA DANIELLE MATEEN,



Plaintiff,

V.

WRONGFUL DEATH CIVIL LAWSUIT

HON:

Case No. A2401-23-379

DEFENDANT CITY OF GULFPORT, No. 1., IS BEING SUED IN THEIR OFFICIAL CAPACITY AS THE GOVERNING BODY FOR THE CITY OF GULFPORT, MISSISSIPPI LOCATED AT 2309 15TH STREET, IN GULFPORT, MISSISSIPPI 39501 FOR PROTECTING THEN OFFICER/ BUT NOW SERGEANT KENNETH NASSAR WHO SHOT AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.

DEFENDANT KENNETH NASSAR, No. 2., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS OFFICER/BUT NOW SERGEANT AND WAS AT ALL TIMES RELEVANT TO THESE PROCEEDINGS WAS EMPLOYED BY THE GULFPORT POLICE DEPARTMENT, LOCATED AT 2220 15TH STREET, IN GULFPORT, MISSISSIPPI 39501, WHILE WORKING UNDER THE COLOR OF STATE LAW AT THE TIME THE DEFENDANT SHOT AND KILLED JAHEIM MCMILLAN, ON OCTOBER 6, 2022, AT THE FAMILY DOLLAR STORE, LOCATED AT 1016 PASS ROAD, IN GULFPORT, MISSISSIPPI 39501.

**Defendants.**

**EXHIBIT "A"**

# I.
# CIVIL COMPLAINT AND ACTION

1. **NOW COMES,** the Plaintiff KATRINA DANIELLE MATEEN, *In Pro Per,* by and

   through her civil complaint and action, pursuant to MRCP 3(a). The Rules Provides That:

   "A civil action is commenced by a complaint with the court. A costs deposit shall be

   made with the filing of the complaint, such deposit to be in the amount required by the

   applicable Uniform Rules governing the court in which the complaint is filed.

# II.
# JURISDICTION AND VENUE

2. This court at 1801 23rd Avenue Ste 2, in Gulfport, Mississippi 39501, has jurisdiction of

   this cause of action, pursuant to the applicable statute in which this court has the right and

   power to interpret and apply the law and invoke said jurisdiction; and venue is proper

   because the legal cause of action occurred in the City Limits of Gulfport, Mississippi

   39501 Venue is proper for this wrongful death lawsuit will be brought in the Harrison

   County, 1St Judicial District, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501;

   Or in the Chancery Court, located at 1801 23rd Avenue, in Gulfport, Mississippi 39501.

   "The determination for proper venue is governed by statute." Miss. Crime Lab. v.

   Douglas, 70 So. 3d 196, 202 (¶ 16) (Miss. 2011); see also Park on Lakeland Drive, Inc. v.

   Spence, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute." (quoting

   Flight Line, Inc. v Tanksley,608 So. 2d 1149, 1155 (Miss. 1992))). The application of the

   Mississippi Tort Claims Act and its venue statute is a question of law, to which the

Mississippi Supreme Court applies de novo review.Miss. Dep't of Hum. Servs. v. S.C., 119So. 3d 1011, 1013 (Miss. 2013); City of Jackson v. Harris,44 So. 3d 927, 931 (Miss. 2010). Indeed, it is well established that "statutory interpretation is a matter of law which this Court reviews de novo." Adams v. Baptist Mem'l Hosp.-DeSoto, Inc., 965 So. 2d 652, 655 (Miss.2007) (citing Franklin Collection Serv., Inc. v. Kyle, 955 So. 2d 284, 287 (Miss. 2007)). The claims are exclusively governed by the Mississippi Tort Claims Act, Mississippi Code Sections 11-46-1 to -23 (Rev. 2019).Mississippi Code Section 11-46-7(1) provides:(2) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.Miss. Code Ann. § 11-46-7(1) (Rev. 2019).¶9.The tort claims act is to "be interpreted as expressly written or by necessary implication in order to carry out the Legislature's intent to strictly limit the State's waiver of state sovereign immunity." Knight v. Miss. Transp. Comm'n, 10 So. 3d 962, 967 (Miss. Ct.App. 2009), overruled on other grounds by Little v. Miss. Dep't of Transp., 129 So. 3d 132(Miss. 2014). All parties agree that the Mississippi Tort Claims Act controls here. The specific venue provision of the tort claims act states:(2) The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The

venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply. Miss. Code. Ann. § 11-46-13(2) (Rev. 2019) (emphasis added).

## III.
## AMOUNT IN CONTROVERSY

3. This amount in controversy in this lawsuit is *Ten Billion ($10,000,000,000.00) Dollars.*

## COUNT-1

**DEFENDANT CITY OF GULFPORT IS RESPONSIBLE FOR JAHEIM McMILLAN DEATH ON OCTOBER 6, 2022, WHEN THE DEFENDANT FAILED TO PROPERLY TRAIN AND SUPERVISOR THE DEFENDANT KENNETH NASSAR WHO SHOT AND KILLED THE DECEASED WITHOUT PROBABLE CAUSE AND/OR JUSTIFICATION FOR HIS KILLING OTHER THEN JAHEIM McMILLAN BEING A YOUNG BLACK YOUTH**

4. The Defendant City of Gulfport, No.1., is being sued in their official capacity as the governing body for the city of Gulfport, Mississippi for protecting then Defendant Officer/but now Sergeant Kenneth Nassar, No.2., who shot and killed Jaheim McMillan, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that this Defendant Kenneth Nassar, No.2., is a serious

danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

5. Defendant City of Gulfport, No. 1., is responsible for Jaheim McMillan, death on October 6, 2022, when the Defendant City failed to properly train and supervisor the Defendant Kenneth Nassar, No.2., who shot and killed the deceased without probable cause and/or justification for his killing other then Jaheim McMillan, being a young Black youth,  on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known  that this Defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

6. Defendant City of Gulfport, No.1., tried to cover-up the actions on October 6, 2022, of Defendant Officer Kenneth Nassar, No.2., now promoted to Sergeant Kenneth Nassar, lost his qualified immunity at the time the Defendant shot and killed 15 year old Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. "The Supreme court has defined the intentional torts of assault and battery as follows:

1). Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) the other is thereby put in such imminent apprehension." A battery goes one step beyond an assault in that a harmful contact actually occurs. See Webb v. Jackson, 583 So. 2d 946, 951

(Miss. 1991) (citation omitted). In the case at bar, the Plaintiff Katrina Mateen, asserts that Defendant Officer Kenneth Nassar, No.2., of the Gulfport Police Department, cannot claim qualified immunity. And Defendant Officer such as now Sergeant Kenneth Nassar, No. 2., when making an arrest, a police officer "may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters, but Defendant *Officer Now Sergeant Kenneth Nassar, No.2., can not take the life of 15 year old Jaheim McMillan, of the deceased or inflict upon Jaheim McMillan, great bodily harm except to save his own life or to prevent a like harm to himself.*" Id (Citing Holland v. Martin, 214 Miss. 1,9; 56 So.2d 398,400 (1952)). The Supreme court has further stated that "*the use of firearms by a police officer is not justified except to protect himself from reasonably apparent bodily harm or death at the hands of the suspect.*" See Whitten v. Cox, 799 So. 2d 1,8(¶11) (Miss. 2000). In <u>Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985),</u> the United States Supreme Court stated:

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation omitted). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity....

Mississippi law has been construed to recognize suits against public officials in their official capacity as being suits against the governmental entity they represent.

Although confusing, Plaintiff Katrina Mateen, lawsuit seems to be focused more on the issue of qualified immunity with respect to Defendant Officer, but now Sergeant Kenneth Nassar, No.2., than the issue of sovereign immunity. Therefore, this Court should address that aspect of Plaintiff's claims.

This Cause of Action happened on October 6, 2022, When Defendant Officer, now Sergeant Kenneth Nassar, No. 2., police officer of the Gulfport Police Department, shot and killed Jaheim McMillan, (Deceased) and other public officials in Mississippi were previously entitled to qualified immunity under Mississippi common law. *Barrett v. Miller, 599 So.2d 559, 564 (Miss.1992)*. The purpose of the public official qualified immunity doctrine is to protect public officials in their decision-making roles and to encourage and safeguard their ability to exercise their discretion. *State v. Lewis, 498 So.2d 321, 322 (Miss.1986)*. Therefore, a public official is shielded by qualified public official immunity unless:

his *breach of a legal duty causes injury and* (1) that duty is ministerial in nature, *or* (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, *or* (3) the governmental actor commits an intentional tort. Beyond that, a governmental official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

> *McFadden v. State, 542 So.2d 871, 877 (Miss.1989)*(emphasis added). The Assault and Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport,

No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

7. Defendant City of Gulfport, No.1., caused an Intentional Infliction of Emotional Distress, upon the Plaintiff Katrina Mateen, that as a result of the Assault and Battery upon her Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501. The Court must find this conduct of Defendant Officer, now Sergeant Kenneth Nassar, No.2., outrageous, intentional and/or negligent infliction of severe emotional distress upon Plaintiff Katrina Mateen, and her Son Jaheim McMillan; which amount to culpable negligence manslaughter through felony engagement; and /or culpable negligence manslaughter through criminal engagement. The Fourth Amendment protects a citizen of the United States from excessive force and illegal search and seizure. Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501, had a right to be free from excessive force and illegal seizure. Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

8.  Defendant City of Gulfport, No.1. failed to properly train and supervise, Defendant Kenneth Nassar, No.2., who caused the Loss of Affection of Her Son Jaheim McMillan, that as a result of the Assault and Battery upon Plaintiff's Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No. 2., used excessive force by shooting him to death. The Wrongful Death of Jaheim McMillan. The Assault and Battery upon Jaheim McMillan, person on October 6, 2022, resulted in his wrongful death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

9.  The Plaintiff adopt and incorporated herein by reference ¶¶ 1-8 if those paragraphs were fully setforth below:

## COUNT-2

**DEFENDANT KENNETH NASSAR IS RESPONSIBLE FOR JAHEIM McMILLAN DEATH ON OCTOBER 6, 2022, WHEN THE DEFENDANT FAILED TO PROPERLY EXERCISE WISE DISCRETION BEFORE THE DEFENDANT KENNETH NASSAR PULLED THE TRIGGER AND SHOT AND KILLED THE DECEASED WITHOUT PROBABLE CAUSE AND/OR JUSTIFICATION FOR HIS KILLING AT THE TIME OF THE ASSAULT AND BATTERY, USING EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO INTENTIONALLY INFLICT EMOTIONAL DISTRESS UPON HIS MOTHER KATRINA MATEEN AND TO DENY HER THE LOSS OF AFFECTION OF HER SON JAHEIM McMILLAN FOR ETERNITY OTHER THEN JAHEIM McMILLAN BEING A YOUNG BLACK YOUTH**

10. The Defendant Kenneth Nassar, No.2., is being sued in his individual capacity as a Police Officer, employed by the Gulfport Police Department, in Gulfport, Mississippi. The Defendant Officer/but now Sergeant Kenneth Nassar, No.2., who shot and killed Jaheim McMillan, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that his actions Defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

11. Defendant Kenneth Nassar, No. 2., is responsible for Jaheim McMillan, death on October 6, 2022, when the Defendant City of Gulfport, No.1., failed to properly train and supervisor the Defendant Kenneth Nassar, No.2., who shot and killed the deceased without probable cause and/or justification for his killing other then Jaheim McMillan, being a young Black youth, on October 6, 2022, located at 1016 Pass Road, in Gulfport, Mississippi 39501, knew or reasonably should have known that this Defendant Kenneth

10

Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

12. Defendant Kenneth Nassar, No.2., lied and tried to cover-up his actions on October 6, 2022, the Defendant Officer Kenneth Nassar, No.2., now promoted to Sergeant Kenneth Nassar, lost his qualified immunity at the time the Defendant shot and killed 15-year-old Jaheim McMillan, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501. "The Supreme court has defined the intentional torts of assault and battery as follows:

1). Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) the other is thereby put in such imminent apprehension." A battery goes one step beyond an assault in that a harmful contact actually occurs. See Webb v. Jackson, 583 So. 2d 946, 951 (Miss. 1991) (citation omitted). In the case at bar, the Plaintiff Katrina Mateen, asserts that Defendant Officer Kenneth Nassar, No.2., of the Gulfport Police Department, cannot claim qualified immunity. And Defendant Officer such as now Sergeant Kenneth Nassar, No. 2., when making an arrest, a police officer "may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters, but Defendant *Officer Now Sergeant Kenneth Nassar, No.2., cannot take the life of 15-year-old Jaheim McMillan, of the deceased or inflict upon Jaheim McMillan, great bodily harm except to save his own life or to prevent a like harm to himself.*" Id (Citing Holland v. Martin, 214 Miss. 1,9; 56 So.2d 398,400 (1952)). The Supreme court has further stated that "*the use of firearms by a police officer is not justified except to protect himself from reasonably apparent bodily harm or death at the hands of the suspect.*" See Whitten v. Cox, 799 So. 2d 1,8(¶11) (Miss. 2000). In <u>Kentucky v. Graham,</u> 473

11

U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the United States Supreme Court stated:

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation omitted). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity....

Mississippi law has been construed to recognize suits against public officials in their official capacity as being suits against the governmental entity they represent.

Although confusing, Plaintiff Katrina Mateen, lawsuit seems to be focused more on the issue of qualified immunity with respect to Defendant Officer, but now Sergeant Kenneth Nassar, No.2., than the issue of sovereign immunity. Therefore, this Court should address that aspect of Plaintiff's claims.

This Cause of Action happened on October 6, 2022, When Defendant Officer, now Sergeant Kenneth Nassar, No. 2., police officer of the Gulfport Police Department, shot and killed Jaheim McMillan, (Deceased) and other public officials in Mississippi were previously entitled to qualified immunity under Mississippi common law. *Barrett v. Miller,* 599 So.2d 559, 564 (Miss.1992). The purpose of the public official qualified immunity doctrine is to protect public officials in their decision-making roles and to encourage and safeguard their ability to exercise their discretion. *State v. Lewis,* 498 So.2d 321, 322 (Miss.1986). Therefore, a public official is

shielded by qualified public official immunity unless:

his *breach of a legal duty causes injury and* (1) that duty is ministerial in nature, *or* (2) that duty

involves the use of discretion and the governmental actor greatly or substantially exceeds his

authority and in the course thereof causes harm, *or* (3) the governmental actor commits an

intentional tort. Beyond that, a governmental official has no immunity when sued upon a tort that

has nothing to do with his official position or decision-making function and has been committed

outside the course and scope of his office.

> *McFadden v. State*, 542 So.2d 871, 877 (Miss.1989)(emphasis added). The Assault and
>
> Battery upon Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant
>
> Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at
>
> 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., and
>
> Defendant Officer, but now Sergeant Kenneth Nassar, No.2., both knew or reasonably should
>
> have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black
>
> Community, and should be relieved from the Gulfport Police Department immediately.

13. Defendant Kenneth Nassar, No.2., caused an Intentional Infliction of Emotional Distress,

    upon the Plaintiff Katrina Mateen, that as a result of the Assault and Battery upon her Son

    Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer,

    now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at

    1016 Pass Road, in Gulfport, Mississippi 39501. The Court must find this conduct of

    Defendant Officer, now Sergeant Kenneth Nassar, No.2., outrageous, intentional and/or

    negligent infliction of severe emotional distress upon Plaintiff Katrina Mateen, and her

Son Jaheim McMillan; which amount to culpable negligence manslaughter through felony engagement; and /or culpable negligence manslaughter through criminal engagement. The Fourth Amendment protects a citizen of the United States from excessive force and illegal search and seizure. Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501, had a right to be free from excessive force and illegal seizure. Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

14. Defendant Kenneth Nassar, No.2., failed to follow the proper protocol in the apprehension of a criminal suspect before firing shots, by doing so the Defendant Kenneth Nassar, No.2., who caused the Loss of Affection of Her Son Jaheim McMillan, that as a result of the Assault and Battery upon Plaintiff's Son Jaheim McMillan, on October 6, 2022, that resulted in his death when Defendant Officer, now Sergeant Kenneth Nassar, No. 2., used excessive force by shooting him to death. The Wrongful Death of Jaheim McMillan. The Assault and Battery upon Jaheim McMillan, person on October 6, 2022, resulted in his wrongful death when Defendant Officer, now Sergeant Kenneth Nassar, No.2., used excessive force by shooting him to death at 1016 Pass Road, in Gulfport, Mississippi 39501; Defendant City of Gulfport, No.1., knew or reasonably should have known that this defendant Kenneth Nassar, No.2., is a serious danger to the Black Community, and should be relieved from the Gulfport Police Department immediately.

15. The Plaintiff adopt and incorporated herein by reference ¶¶ 8-15 as if those paragraphs

were fully setforth below:

### COUNT-3

The Plaintiff Katrina Danielle Mateen, also reserve her rights to amend her complaint to conform to the evidence, pursuant to MRCP 15(b) to sue these other defendants whom participated in covering up Jaheim McMillan's, death. The plaintiff had filed and served a copy of her notice of claim upon *these Defendants Gulfport Police Department employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford; Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting Agent); Michael Westbrook, (Special Agent); Roger Moore, Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent; Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 2220 15th Street, in Gulfport, Mississippi 39501,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

16. The Plaintiff adopt and incorporated herein by reference ¶¶ 8-17 as if those paragraphs

were fully setforth below:

17. The Plaintiff Katrina Danielle Mateen, also reserve her rights to amend her complaint to

conform to the evidence, pursuant to MRCP 15(b) to sue these other defendants whom

participated in covering up Jaheim McMillan's, death. The plaintiff had filed and served a

copy of her notice of claim upon *these Defendants Gulfport Police Department*

*employees Chief Adam Cooper; Lieutenant Bryan I. Watson; Recent Promoted Sergeant*

*Kenneth Nassar, the (Killer of the youth Jaheim McMillan); Officer Benjamin Ford;*

*Detective Mitchell Ashby; Investigator Chris Kloc; James M. Westbrook, (Reporting*

*Agent); Michael Westbrook, (Special Agent); Roger Moore, Mississippi Bureau of Investigation Supervisory Special Agent (SSA); Jason Gazza , Special Agent;  Alex Lizara, Special Agent; and Sean Jeffrey Tindell, Mississippi Public Safety Commissioner, located at 2220 15th Street, in Gulfport, Mississippi 39501,* under the Mississippi Tort Claims Act, pursuant to § 11-46-11(1).

## RELIEF REQUESTED

**WHEREFORE,** the foregoing reasons the Plaintiff Katrina Danielle Mateen, respectfully moves this Honorable Court, to award her this amount in controversy in this lawsuit of ***Ten Billion ($10,000,000,000.00) Dollar, against the Defendant City of Gulfport, No.1., and Defendant Officer, but now Sergeant Kenneth Nassar, No.2.,*** for the Murdering and Death of her Son Jaheim McMillan, on October 6, 2022, at the Family Dollar Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501.

Respectfully Submitted,

Dated: September 19, 2023

Katrina Danielle Mateen
***In Pro Per***
***111 N Lang Ave***
Log Beach, MS 39560
Ph. (228)-383-1663