IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                                                    PLAINTIFF

VS                                               CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No.. 1., is being sued in their (sic) official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501            DEFENDANTS

**CITY OF GULFPORT, MISSISSIPPI'S RESPONSE TO
PLAINTIFF'S "MOTION TO COMPEL" [DOC. 33]**

COMES NOW the City of Gulfport, Mississippi ("City"), identified as a Defendant in the above cause, by and through undersigned counsel and, without waiving any objection, response, immunity, or defense it may have to the "Complaint," be they affirmative or otherwise, files this its "Response to Plaintiff's 'Motion to Compel' [Doc. 33]," and in support of same would show as follows, to-wit:

I.

On November 13, 2023, the City filed a dispositive Motion [Doc. 3] in this matter (entitled "Motion to Dismiss Pursuant to FED. R. CIV. P. 12 Or FED. R. CIV. P. 56") along with an accompanying "Memorandum of Authorities" [Doc. 4].

II.

In accordance with the Court's Local Uniform Civil Rules, a response to this Motion was due by November 27. On November 22, 2023, Plaintiff filed a motion [Doc. 5] seeking an additional six (6) months (120 days) to respond. On November 27, 2023, the Court issued a text Order which granted Plaintiff's motion [Doc. 6] in part by ***extending Plaintiff an additional thirty (30) days through December 27, 2023***, to submit a response to the City's dispositive Motion. On December 27, 2023, the last day of the extended deadline afforded to her by the Court, Plaintiff filed a second Motion [Doc. 7], wherein she requested a further extension of thirty (30) days to respond to the City's dispositive Motion. Later on that same day **(December 27, 2023), however, Plaintiff filed a "Response" [Doc. 8] to the City's Motion** as well as a separate supportive "Brief" [Doc. 9] related to the same.[1]

III.

In view of the fact that Plaintiff had already (by then) filed a response and supporting brief in reply to the City's dispositive Motion [Doc. 3], Plaintiff's Motion for a second extension of time [Doc. 7] was moot on that basis alone.

IV.

Accordingly, on January 5, 2024, the District Judge assigned to this case issued an Order finding Plaintiff's second Motion for time [Doc. 7] moot.

V.

Equally in order, the City thereupon filed a "Rebuttal Memorandum" [Doc. 11] in

---

[1]Plaintiff's two (2) filings were entitled "Motion (sic) in Opposition to Defendants (sic) Motion to Dismiss And For Summary Judgment" [Doc. 8] (the typed word "Motion" in this document's title was stricken through by a hand-drawn line by an unknown person and the handwritten word "Response" was interlineated above the stricken word "Motion") and "Memorandum of Law in Opposition to Defendants (sic) Motion to Dismiss And For Summary Judgment" [Doc. 9], which Plaintiff asserts is her brief in support of her Response [Doc. 8].

2

support of its dispositive Motion [Doc. 3] on January 3, 2024, and the matter has since been pending before the Court and ripe for adjudication. As pointed out therein, the issues associated with the City's dispositive motion are simple and straightforward and Plaintiff's Complaint is required to be dismissed.

VI.

Over two (2) months later, on March 4, 2024, Plaintiff filed a document entitled in part "Motion for an Order for Extension of Time for Sixty (60) Days" [Doc. 17], wherein **_Plaintiff sought a third and even further extension to be able to respond to the City's dispositive Motion_** [Doc. 3] pursuant to FED. R. CIV. P. 12 after the City "files discovery." It goes without saying that a motion seeking dismissal based on the allegations of a pleading itself does not give one the ability to utilize discovery to further respond (by way of some sort of "sur-response") to the motion.[2] Moreover, the Court's Local Rules do not permit the filings of "sur-responses," and Plaintiff's "Motion" [Doc. 17] seeking a third extension of time did not bring forth any substantiating basis for such an unsanctioned remedy.[3] Even further, Plaintiff's request for

---

[2]To the extent one were to construe or consider the City's Motion [Doc. 3] under FED. R. CIV. P. 56, Plaintiff's request two (2) months after briefing was completed for additional time to respond to this dispositive motion after a period of "discovery," even if one were to overlook the obvious untimeliness of the request, would not be proper under this Rule as presented and before the Court anyway. In fact, Plaintiff previously (and baldly) asserted in her second "motion for time" [Doc. 7] that she needed "extra time to file an appropriate memorandum of law[ ] opposing [t]he defendants (sic) position with the Affidavit of Kimberly Westmoreland." However, Plaintiff did actually file what she referred to as the "Affidavit" of this individual and attached the same to her Response [Doc. 8] filed it on December 27, 2023. She has provided no basis for a further extension or for an improper "sur-response" or for the Court to delay consideration of the City's Motion [Doc. 3]. The City would refer to its Rebuttal [Doc. 11] filed in support of its dispositive Motion [Doc. 3] to demonstrate, once again, that the legal issues are simple and straightforward and Plaintiff's request was completely unwarranted and could not yield any meritorious basis that Plaintiff could not have asserted in the forty-four (44) days she had after the Court granted her the prior thirty (30) day extension and which then resulted in Plaintiff filing her response and supporting brief on December 27, 2023.

[3]The Court's Local Uniform Civil Rules permit the filing of a brief in support of a

additional time after expiration of a prior deadline would – even if allowed by the Rules – minimally require a meritorious or qualifying basis and Plaintiff's "Motion" [Doc. 17] presented none.

VII.

Again, considering the Court's earlier generous thirty (30) day extension, the Plaintiff had forty-four (44) days to respond to the City's Motion (by December 27, 2023), and, in fact, Plaintiff elected to file her response and supporting argument that day (on December 27, 2023). There was nothing presented in Plaintiff's "third" Motion seeking additional time [Doc. 17] that she submitted to the Court (on March 4, 2024) to warrant a "sur-response" nearly sixty (60) days after the City filed its "Rebuttal Memorandum" [Doc. 11] (which was filed on January 3, 2024). Again, the issues raised and briefed by the parties (pending before the Court for months and ripe for adjudication) are simple and straightforward.[4]

VIII.

Notwithstanding, on April 5, 2024, the Court issued a text Order which granted Plaintiff's third "Motion" [Doc. 17] seeking further time and giving Plaintiff to **April 19, 2024**, within which to file a (further / additional) "response" to the City's dispositive Motion [Doc. 3]. Despite this added time, Plaintiff did not file any further response.[5]

---

motion, a response/responsive brief, and a rebuttal. Without question, they do not permit Plaintiff to file a sur-reply or sur-response in this matter.

[4]To the extent Plaintiff argued that she is entitled to "discovery" prior to submitting a response, again, there is no such right in the face of a Motion pursuant to FED. R. CIV. P. 12(b)(6).

[5]Again, **Plaintiff filed a "Response" [Doc. 8] with attached exhibits to the City's dispositive Motion [Doc. 3] and a "Memorandum" in opposition thereto [Doc. 9] both on December 27, 2023**.

IX.

On June 10, 2024, Plaintiff filed a document with this Court entitled "Motion to compel the Defendants to produce the discovery Documents so the Plaintiff can respond to Defendants' Motions" [Doc. 33]. Plaintiff's Motion [Doc. 33] consists of two (2) sentences, in one of which she says she seeks to compel "the Defendants to produce the discovery, MRCP 26(a); and 26(b)(1)(2) and (3) (sic), documents so the plaintiff can respond to defendants' motions." See Pl.'s Mot. [Doc. 33], p. 1. Plaintiff's Motion [Doc. 33] is non-sensical. First, there is only one party that has been properly served with process to date – the City, and the City has only one (1) dispositive Motion [Doc. 3] pending to date (which was filed on November 13, 2023). Again, Plaintiff previously responded to that Motion [Doc. 3] on December 27, 2023. That Motion [Doc. 3] is before the Court and remains pending for adjudication.[6] In addition, the City previously served its initial pre-discovery disclosures on March 13, 2024, in this matter and neither party has propounded paper discovery to the other at this point.[7]

X.

Plaintiff's "Motion to Compel" [Doc. 33] must be denied.

WHEREFORE, the City of Gulfport, Mississippi, which reserves all objections, responses, immunities, and defenses, affirmative or otherwise, that it may have to the "Complaint" [Doc. 1], respectfully requests that this Honorable Court issue an Order denying Plaintiff's "Motion to Compel" [Doc. 33] in its entirety as well as awarding the City, as

---

[6]To the extent Plaintiff's "Motion" [Doc. 33] is construed to be one seeking to compel discovery, it violates the Court's Uniform Local Rules (see e.g., LOCAL UNIF. CIV. R. 37(a)) regarding such motions, as well as

[7]Plaintiff has failed to produce or serve her required pre-discovery disclosures to date in this case.

5

respondent herein, all relief, equitable or otherwise, to which it may be entitled as related thereto.

RESPECTFULLY SUBMITTED, this the 24th day of June, 2024.

                                            CITY OF GULFPORT, MISSISSIPPI

                                      By: s/ *Jeffrey S. Bruni, Esq.*
                                            JEFFREY S. BRUNI, ESQ.
                                            MS Bar License No. 9573

### *CERTIFICATE OF SERVICE*

I, Jeffrey S. Bruni, Esq., Attorney for the City of Gulfport, Mississippi, do hereby certify that I have on this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF/MEC system, which should send notification of such filing to the Plaintiff, Katrina Mateen, 12069 George Street, Gulfport, Mississippi 39503 and to all counsel of record who have made an appearance in this matter.

This the 24th day of June, 2024.

                                            *s/ Jeffrey S. Bruni*
                                            JEFFREY S. BRUNI

JEFFREY S. BRUNI, ESQ.
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI  39502
TELEPHONE:  (228) 868-5811
FACSIMILE:  (228) 868-5795