IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KATRINA DANIELLE MATEEN**                                                          **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 1:23-cv-306-TBM-RPM

**CITY OF GULFPORT** *and* **KENNETH
NASSAR**                                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On October 6, 2022, 15-year-old Jaheim McMillan was killed by Gulfport Police outside of a Family Dollar store in Gulfport, Mississippi. McMillan's mother, Katrina Danielle Mateen, is proceeding *pro se* and has sued the City of Gulfport and law enforcement officer Kenneth Nassar, in his individual capacity, alleging Fourth Amendment violations under 42 U.S.C § 1983, and violations of state law including assault and battery, intentional infliction of emotional distress, criminal negligent manslaughter, and failure to train claims. Officer Nassar has now moved to dismiss because of improper and untimely service. Despite not having Officer Nassar served within the required 120 days since she was granted *in forma pauperis* ("IFP") status, Mateen has shown good cause for the delay. Accordingly, Officer Nassar's Motion to Dismiss [20] for improper and untimely service is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

According to the Complaint, on October 6, 2022, Defendant Officer Kenneth Nassar shot and killed Jaheim McMillan, a "young Black youth," at the Family Dollar store located at 1016 Pass Road, in Gulfport, Mississippi. [1-1], p. 5-6. The Complaint also alleges that Nassar "failed to

1

properly exercise wise discretion before . . . pulling the trigger" and "used excessive force" in shooting McMillan, thereby violating McMillan's right to be free from excessive force and illegal seizure, under the Fourth Amendment. *Id.* at p. 9, 11.

On October 4, 2023, Mateen sued in Harrison County, Mississippi Circuit Court against the City of Gulfport and Officer Nassar, alleging violations of McMillan's Fourth Amendment rights against "unreasonable seizure" and use of "excessive force" under 42 U.S.C. § 1983. Mateen has also brought state law assault and battery, intentional infliction of emotional distress, criminal negligent manslaughter, and failure to train claims. On November 3, 2023, the suit was removed by the City of Gulfport, under federal question jurisdiction, to the United States District Court for the Southern District of Mississippi, Southern Division.

Mateen moved for service of Officer Nassar by United States Marshals on November 22, 2023, but that motion was denied, in part, because Mateen was not proceeding IFP under 28 U.S.C. § 1915, and therefore court-ordered service by a United States Marshal was not required. FED. R. CIV. P. 4(c)(3). On December 27, 2023, Mateen tried to remedy this by moving for leave to proceed IFP [10] and reiterating her request to have the United States Marshals serve Officer Nassar [7]. Following a hearing on February 28, 2024, the United States Magistrate Judge allowed Mateen to renew her Motion for Leave to Proceed *in forma pauperis* [15], which he then granted [16].[1] Yet the Magistrate Judge did not order service at the hearing because Mateen, at the hearing, informed the court that she had attempted to serve Officer Nassar the day before. Believing service by the United States Marshals to now be unnecessary, Mateen's Motion for Service [7] was not ruled on at the time Mateen's IFP status was granted. But the service issue endured.

---

[1] This action mooted Mateen's Motion for Leave to Proceed IFP [10].

On March 19, 2024, Officer Nassar moved to dismiss Mateen's claims under Rule 4 or Rule 12(b)(2) and 12(b)(5), alleging service was untimely and improper.[2] [20], p. 1-2. On May 1, 2024, seeing that Officer Nassar's service issues remained unresolved, the Magistrate Judge granted Mateen's request to have Officer Nassar served by the United States Marshals.[3] [25]. A summons was issued for Officer Nassar on May 23, 2024, but was returned unexecuted on June 17, 2024. [34]. In response to the unsuccessful service attempt by the United States Marshals,[4] the Magistrate Judge entered a Show Cause Order "directing the parties to appear for an in-person hearing [on July 11, 2024], during which the Court will provide Mateen an opportunity to give the Court a good address for the purpose of serving [Officer] Nassar." [38].

Officer Nassar was properly served by the United States Marshals on July 11, 2024, with his answer due on August 1, 2024. [50]. Now before the Court are Officer Nassar's Motion to Dismiss [20], Motion to Strike [23], and Motion to Quash and Dismiss [27]. For the reasons discussed below, all three motions are denied.

---

[2] Two later motions related to the alleged improper and untimely service of Officer Nassar have been filed. First, a Motion to Strike [23] Mateen's Response [22] to the Motion to Dismiss [20]. Second, a Motion to Quash and Dismiss [27] the defective process and service attempt.

[3] Finding that since Mateen is proceeding *in forma pauperis* and has a pending request for service by United States Marshals, she is entitled to rely on the court to order service to be made by a United States Marshal. [25], p. 4 (citing *Cornish v. Texas Bd. of Crim. Just. Off. Of the Inspector Gen.*, 141 F. App'x 298, 301 (5th Cir. 2005)).

[4] In his Show Cause Order [38], the Magistrate Judge notes that the U.S. Marshal tried to serve Nassar at 2220 15th St., Gulfport, Mississippi 39501—the address of the Gulfport Police Department where he is employed. Additionally, the U.S. Marshal, as well as the Supervisory Deputy U.S. Marshal, attempted to contact counsel for the Defendants by leaving messages and asking for a return phone call. No return calls were received.

## II. ANALYSIS

Officer Nassar has moved to dismiss Mateen's claims under Rule 4 or Rule 12(b)(2)[5] and 12(b)(5),[6] alleging service was untimely and improper. [20], p. 1-2. The gist of Officer Nassar's argument is that despite filing her suit against Officer Nassar on October 4, 2023, Mateen did not attempt service on Officer Nassar until February 27, 2024. [21], p. 2. Hence, Officer Nassar asserts that under either the 120-day service requirement in state court[7] or the 90-day service requirement in federal court,[8] Mateen did not attempt service during the required window, and so her claims are due to be dismissed under Rule 4, Rule 12(b)(2), and Rule 12(b)(5).

"[W]hen a motion for *in forma pauperis* status is filed with a complaint, service must be effected within 120 days of the date the court decides the motion." *Lindsey v. City of Gulfport, Miss.*, No. 1:08-cv-00637-LG-RHW, 2009 WL 10676943, at *2 (S.D. Miss. Dec. 16, 2009); *and see Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004) ("[F]or purposes of assessing the time for effecting service of process where the complaint is accompanied by a motion to proceed *in forma pauperis*, considerations of fairness dictate that the time for service be tolled until the court decides

---

[5] Officer Nassar invokes Rule 12(b)(2) on the ground that Mateen's failure to properly serve process on Officer Nassar deprives the court of personal jurisdiction over Officer Nassar. [21], p. 3. While unnecessary to address further here, Officer Nassar's arguments for dismissal under Rule 12(b)(2) overlap entirely with his arguments for dismissal under Rule 12(b)(5), and Rule 12(b)(5) would be the more appropriate vehicle for consideration of those arguments. *See Briggs v. DART Regional Rail Right of Way Co.,* 2005 WL 3133505, at *3 n. 3 (N.D. Tex. Nov. 23, 2005) (Fish, C.J.).

[6] Rule 12(b)(5) provides for dismissing a claim if service of process is not completed in the proper manner. Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4. FED. R. CIV. P. 4. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. United States Dep't of Lab.*, 788 F.2d 1115, 1115 (5th Cir. 1986).

[7] MISS. R. CIV. P. 4(h).

[8] FED. R. CIV. P. 4(m).

that motion."). Mateen's Motion for Leave to Proceed IFP was granted on February 28, 2024, leaving June 27, 2024, as the date on which service must have been effected, at the latest. Officer Nassar was served on July 11, 2024—14 days past the deadline.

Ordinarily, because of the failure to serve Officer Nassar within the 120–day period provided for in Rule 4(m), the Court has two choices: it may either dismiss the action without prejudice or extend the time for service. FED. R. CIV. P. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Indeed, the Fifth Circuit has made clear that Rule 4(m) "broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson*, 91 F.3d at 21. A discretionary extension may also be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "To establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (internal quotations omitted). The Court finds Mateen has shown good cause.

In *Lindsey,* the Fifth Circuit found a district court abused its discretion in dismissing the case because the *pro se* plaintiff proceeding IFP had diligently attempted to serve the defendants and the district court had not appointed the United States Marshals to effect service. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447-48 (5th Cir. 1996). There, although the plaintiff did not provide the proper service addresses for all of the defendants in his complaint, the court found that this defect was not fatal. *Id.*

Here, Mateen is also a *pro se* plaintiff proceeding IFP, with little to no experience with the Rule 4 service requirements. Additionally, Mateen, despite some slipups, has attempted to have Officer Nassar served—moving for service by the United States Marshals on November 22, 2023, and moving for leave to proceed IFP and renewing her motion for service by the United States Marshals on December 27, 2023, after she was told IFP status was required for service by the United States Marshals. Mateen also, like the plaintiff in *Lindsey*, twice attempted service herself—on February 27, 2024, and again on April 12, 2024, according to Officer Nassar. [40], p. 7. Moreover, because Officer Nassar's service status was unclear, service by the United States Marshals was not ordered until May 1, 2024—over four months after Mateen moved for leave to proceed IFP and requested service by the United States Marshals, and over two months after Mateen's Motion to proceed IFP was granted. [25]; [16].

Furthermore, Officer Nassar received actual notice of the suit and will not be prejudiced by this Court if the defects in service are waived. "Service requirements under Rule 4 are construed liberally when a party contesting service of process has received actual notice." *Marlin v. Sterling McCall Toyota*, No. cv H-08-912, 2008 WL 11391188, at *1 (S.D. Tex. June 26, 2008); *see also Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967) (finding that the district court's denial of a motion to quash service was within its discretion because the defendant received notice of the suit). Mateen, on the other hand, could be time barred from asserting some of her state law claims if her suit were dismissed because of defects in service and she had to refile her complaint. *See* Miss. Code Ann. § 15-1-35 (stating that assault and battery claims carry a one-year statute of limitations).

Accordingly, Officer Nassar's Motion to Dismiss [20] for improper and untimely service, and related Motion to Strike [23] and Motion to Quash and Dismiss [27] are DENIED.

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Kenneth Nassar's Motion to Dismiss [20] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Kenneth Nassar's Motion to Strike [23] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Kenneth Nassar's Motion to Quash and Dismiss [27] is DENIED.

SO ORDERED THIS, the 8th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE