UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| KATRINA DANIELLE MATEEN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:23-CV-306-TBM-RPM |
| CITY OF GULFPORT et al | DEFENDANTS |

### ORDER DENYING MOTION TO COMPEL THE CITY OF GULFPORT TO RELEASE CELL PHONE, CLOTHING, MONEY, AND ANY OTHER ITEMS BELONGING TO THE DECEASED

Before the Court is Plaintiff Katrina Danielle Mateen's [45] Motion to Compel the City of Gulfport to Release Cell Phone, Clothing, Money, and Any Other Items Belonging to the Deceased. The City of Gulfport filed a response, in which it represents that it does not have possession of any of the items referenced by Plaintiff in her motion. Doc. [55] at 2.

Regardless, Plaintiff has not established that the Court has jurisdiction to provide the relief she requests. "When property is seized and held by **local** law enforcement officials, . . . and not by federal officials, a federal court generally lacks subject matter jurisdiction over a motion to return such property." *Allen v. City of Dallas*, No. 3:22-CV-1693-G (BH), 2023 WL 8285097, at *2 (N.D. Tex. Nov. 14, 2023) (quoting *Taylor v. 187th Dist. Ct., Bexar Cnty.*, SA-22-CV-01241-JKP, 2022 WL 17616478, at *2 (W.D. Tex. Dec. 13, 2022) (emphasis in original); *see United States v. Copeman*, 458 F.3d 1070, 1071–73 (10th Cir. 2007). "Where the property was seized by state authorities, 'state avenues of relief' are available to the movant to recover the property and therefore jurisdiction is lacking in federal court." *Id.* (quoting *Taylor*, 2022 WL 17616478, at *2). Here, Plaintiff has not alleged that federal authorities seized the property of the deceased; nor has she alleged that federal authorities have actual or constructive possession of the property or that local law enforcement acted at federal direction when seizing the property. Therefore, the Court

lacks subject matter jurisdiction to provide the relief she requests in her motion.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [45] Motion to Compel the City of Gulfport to Release Cell Phone, Clothing, Money, and Any Other Items Belonging to the Deceased is DENIED.

SO ORDERED, this the 39th day of August 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE