IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:23-cv-306-TBM-RPM

CITY OF GULFPORT and KENNETH
NASSAR                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This action arises from an October 6, 2022, incident where 15-year-old Jaheim McMillan was killed by Gulfport Police officers outside of a Family Dollar store in Gulfport, Mississippi. McMillan's mother, Katrina Danielle Mateen, is proceeding *pro se* and has sued the City of Gulfport and law enforcement officer Kenneth Nassar, in his individual capacity, alleging federal violations of McMillan's Fourth Amendment right to be free from excessive force and unreasonable seizures, under 42 U.S.C. Section 1983. Mateen also alleges violations of state law assault and battery, intentional infliction of emotional distress, criminal negligent manslaughter, and failure to train. The City of Gulfport has now moved to dismiss.

Because Mateen has not plead adequate factual allegations to state a valid claim, the City of Gulfport's Motion to Dismiss [3] is granted as to the federal and state law claims. The City of Gulfport is dismissed from this suit.

### I. BACKGROUND AND PROCEDURAL HISTORY

Mateen's Complaint contends that on October 6, 2022, Defendant Officer Kenneth Nassar shot and killed Jaheim McMillan, a "young Black youth," at the Family Dollar store located at 1016 Pass Road, in Gulfport, Mississippi. [1-1], p. 5-6. Officer Nassar aside, Mateen alleges that the City of Gulfport is also responsible because it "failed to properly train and supervise" Officer Nassar and tried to protect

PLAINTIFF'S EXHIBIT 1

him by attempting to "cover-up" his actions. *Id.* at p. 5-6. Mateen also alleges that the City of Gulfport, "knew or reasonably should have known that" Officer Nassar was "a serious danger to the Black Community." *Id.*

On October 4, 2023, Mateen sued the City of Gulfport and Officer Nassar in Harrison County Circuit Court, alleging violations of McMillan's Fourth Amendment rights against "unreasonable seizure," use of "excessive force" under 42 U.S.C. Section 1983. Mateen has also brought state law assault and battery, intentional infliction of emotional distress, criminal negligent manslaughter, and failure to train claims. On November 3, 2023, the suit was removed by the City of Gulfport to the United States District Court for the Southern District of Mississippi, Southern Division.

The City of Gulfport moved for dismissal or summary judgment [3] on November 13, 2023, arguing that Mateen's state law claims of intentional infliction of emotional distress, assault and battery, or criminal negligent manslaughter claims each inherently require a finding of malice, and government entities cannot be held liable for the malicious conduct of their employees, and the City of Gulfport is immune from failure to train claims under the Mississippi Tort Claims Act's discretionary function. [4], p. 4-7. The City of Gulfport also claims that Mateen's federal Section 1983 claims warrant dismissal because they fail to state a valid claim. [4], p. 3.

## II. STANDARD OF REVIEW

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. The factual allegations must be "enough to raise a right to relief above the speculative level."

*Oceanic Expl. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### III. ANALYSIS

#### A. Federal Claims

Section 1983 provides a remedy against one who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. To recover, Mateen "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotations omitted). Mateen has asserted that the City of Gulfport violated McMillan's right to be free of unreasonable seizures and excessive force under the Fourth Amendment. [1-1], p. 5-6.

As a general principle, a municipality is not liable under Section 1983 for the actions of its employees. Instead, municipalities and other local governments may be sued only under Section 1983 if the plaintiff's alleged deprivation of rights stems from the government's unconstitutional or illegal

3

policies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). The bar on vicarious liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). What this means is that a local government entity may be sued "if it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690). To win, there must be: "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom.'" *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Mateen's case against the City of Gulfport falters, at a minimum, at the second and third prongs. Even assuming the City of Gulfport is a "policymaker" for purpose of *Monell's* first prong, the allegations described in the Complaint are "barren of factual support and wholly conclusory." *Armstrong v. Ashley*, 60 F.4th 262, 276-77 (5th Cir. 2023); *see also Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 483 (5th Cir. 2021) (affirming dismissal of plaintiff's claims because plaintiff's allegations of the County's actions were speculative and conclusory).

First, there is no alleged official policy or custom. Under *Monell*, at the motion to dismiss stage, the "complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (citing *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016) (finding that Groden carried his burden of connecting the policy to the city council by alleging that the city publicly announced the policy and that its "spokesman" gave "media interviews describing the new policy")).

4

Mateen has no allegations that the City of Gulfport promulgated a policy or custom at all,[1] let alone one related to Officer Nassar. *Monell* dictates that a policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L.Ed.2d 598 (1989).

Second, even if Mateen had alleged an official policy or custom, which she has not, Mateen has not alleged how that policy or custom was the *moving force* behind an alleged constitutional violation. *See Piotrowski*, 237 F.3d at 578. The allegations against the City of Gulfport consist only of vague claims of the City of Gulfport providing protection to Nassar after he shot McMillan and attempting to "cover-up" Nassar's actions, and that it knew or should have known that Nassar was "a serious danger to the Black Community." [1-1], p. 5-6. But these are conclusory statements with no factual basis. Indeed, in reviewing the facts of the *pro se* Complaint, it is hard to understand how the events of October 6, 2022, exactly took place and unfolded, or how they specifically relate to the legal claims brought against the City of Gulfport. Even though Mateen is proceeding *pro se*, the fact that she is representing herself does not relax the pleading requirements in a way that allows her to avoid stating a valid claim against the City of Gulfport. *See Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 621 (5th Cir. 1992) (where *pro se* plaintiff failed to plead specific facts sufficient to overcome the officers' qualified immunity defense). With no official policy or custom alleged that was the moving force behind an alleged constitutional violation,[2] Mateen has no avenue for municipal liability against the City of Gulfport.

---

[1] If no official policy exists, Mateen must instead rely on a custom or practice "so common and well settled as to constitute a custom that fairly represents municipal policy," and "[a]ctual or constructive knowledge of such custom must be attributable" to the policymaker. *See Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017). Here, Mateen has done neither.

[2] For this Motion, there is no need to reach whether there was a constitutional violation. Mateen says that Nassar "lost his qualified immunity" when he used "excessive force" and "shot and killed [McMillan] without probable cause and/or

5

## B. State Law Claims

Along with her federal claims, Mateen also asserts several other state law claims of assault and battery, intentional infliction of emotional distress, criminal negligent manslaughter, and failure to train against the City of Gulfport.[3] The City of Gulfport moves to dismiss the intentional infliction of emotional distress, assault and battery, or criminal negligent manslaughter claims because each fundamentally requires a finding of malice, and, under the MTCA, government entities cannot be held liable for the malicious actions of their employees. [4], p. 4-6. Moreover, the City of Gulfport argues it is immune from the failure to train claim under the MTCA's discretionary function.

The MTCA "provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit." *Simpson v. City of Pickens*, 761 So. 2d 855, 858 (Miss. 2000). The City of Gulfport is considered a governmental entity under the MTCA. *See* Miss. Code Ann. § 11-46-1(g) & (i); *Gale v. Thomas*, 759 So. 2d 1150, 1154 (Miss. 1999) (finding that the City of Jackson was a municipality under MTCA). The MTCA states that a governmental entity is not liable for any "misconduct by its employees which occur outside the course and scope of that employee's employment, such as conduct which constitutes 'fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.'" *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 361 (Miss. 2004) (citing Miss. Code. Ann. §§ 11-46-5(2) & 11-46-7(2)).

---

justification," potentially for being a "Black youth." Officer Nassar has indicated he plans to file a motion for summary judgment as to qualified immunity. [68]. At that point, the Court could look to evidence submitted by the parties to assist with determining whether a constitutional violation occurred, including bodycam footage, deposition testimony, or other evidence.

[3] While the federal law claims against the City of Gulfport have been dismissed, there remain federal law claims pending against Officer Nassar. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that when "the federal-law claims have dropped out *of the lawsuit* in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by *dismissing the case* without prejudice." (emphasis added)); *See* 28 U.S.C. § 1367(c)(3), *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims *after all federal law claims* have been dismissed) (emphasis added). Because there are federal claims still pending in this case, the Court will exercise supplemental jurisdiction over the state law claims brought against the City of Gulfport.

6

Mateen's intentional infliction of emotional distress, assault and battery, and criminal negligent manslaughter claims all fall outside of Officer Nassar's course and scope of employment. *See Kilgo v. Tolar*, 2015 WL 3484533, at *5 (N.D. Miss. June 2, 2015) (noting that, under the MTCA, county defendant could not "be held liable for actions taken outside the deputies' scope of employment, including the alleged intentional infliction of emotional distress."); *McBroom v. Payne*, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (explaining that claims of battery, assault, and intentional infliction of emotional distress "cannot be considered within the course and scope of employment under the [MTCA]."); Miss. Code Ann. § 97-3-47 (stating that the *crime* of manslaughter shall be "[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title[.]"). Accordingly, the City of Gulfport is immune from Mateen's assault and battery, intentional infliction of emotional distress, and criminal negligent manslaughter claims under the MTCA.

Moreover, in addition to the conclusory nature of the allegation,[4] the MTCA discretionary function immunity shields the City of Gulfport from Mateen's claim of failure to train, too. Mateen alleges that the City of Gulfport is responsible because it "failed to properly train and supervise" Officer Nassar. [1-1], p. 5-6. Under the MTCA, a governmental entity is not liable for any claim "[b]ased upon the . . . the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." Miss. Code Ann. § 11-46-9(1)(d). To determine what a discretionary function is, courts ask "whether the conduct involved an element of choice." If so, they "determine whether that choice or judgment involved social, economic, or political-policy considerations." *City of Jackson v. Sandifer*, 107 So. 3d 978, 984 (Miss. 2013). The Mississippi

---

[4] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (noting that "[r]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *see also Rose v. Tullos*, 994 So. 2d 734, 739 (Miss. 2008).

7

Supreme Court has found that training and supervising police officers is a discretionary function. *City of Clinton v. Tornes*, 252 So. 3d 34, 39 (Miss. 2018) (stating that there is "no doubt that the choice to employ and the manner of supervision of police officers does affect public policy."). The City of Gulfport's alleged failure to train or supervise Officer Nassar is therefore not one for which it can be held liable under the MTCA.[5] Mateen's state law claim of failure to train against the City of Gulfport is thus dismissed.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant City of Gulfport's Motion to Dismiss [3] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Katrina Danielle Mateen's federal and state law claims against Defendant City of Gulfport are DISMISSED WITH PREJUDICE for failure to state a claim.

SO ORDERED THIS, the 8th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[5] Because the City of Gulfport is entitled to discretionary function immunity under the MTCA, there is no need to reach whether it is also entitled to police protection immunity. *See Hayes v. Univ. of S. Mississippi*, 952 So. 2d 261, 266 (Miss. Ct. App. 2006) (noting that "[b]ecause we affirm the grant of police protection immunity, we do not reach whether USM was entitled to discretionary function immunity *as well*.") (Emphasis added).

8