IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                                                PLAINTIFF

VS                                                          CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No. 1, is being sued in their official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501                    DEFENDANTS

## MOTION OF OFFICER KENNETH NASSAR FOR
## SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

COMES NOW Officer Kenneth Nassar, Defendant in the above cause, by and through his undersigned attorneys, and herein files this his "Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56," and in support of same would show as follows, to-wit:[1]

---

[1] Officer Nassar herein adopts and incorporates all arguments, contentions, and authorities asserted in his accompanying Memorandum of Authorities in support of this Motion.

I.

Plaintiff, Katrina Mateen ("Plaintiff") commenced the instant suit with the filing of a Complaint on October 4, 2023, with the Circuit Court of Harrison County, First Judicial District, Mississippi ("State Court") against the City of Gulfport, Mississippi ("City") and Officer Kenneth Nassar ("Officer Nassar"). After Plaintiff served process on the City, the City had this caused removed to the instant forum on the basis of federal question jurisdiction. For reasons unknown, Plaintiff delayed having service of process attempted on the Officer, and then when she did, such service was defective. After service was later (finally) effected, Officer Nassar filed an Answer [Doc. 67] to the suit as well as submitted a separate Motion [Doc. 68] formally asserting his defense of Qualified Immunity and requesting that proceedings be stayed pending a determination of this defense. On August 8, 2024, the Court issued a "Memorandum Opinion and Order" [Doc. 71] granting the City's prior dispositive Motion [Doc. 3] and dismissing all state law and federal law claims against the City in this proceeding with prejudice. On August 20, 2024, the Court issued an Order staying proceedings and setting a deadline for the filing of a dispositive motion on Qualified Immunity. What is remaining in this case is Plaintiff's purported claim against Officer Nassar "in his individual capacity as a Police Officer, employed by the Gulfport Police Department" (see Pl.'s Compl. (Exhibit "A"), p. 10 (¶ 10))[2] for a violation of the "Fourth Amendment" to the United States Constitution for "excessive force" arising out of deadly force utilized by Officer Nassar. See Pl.'s Compl. (Exhibit "A"), p. 14 (¶ 13).

---

[2]Unless specifically noted otherwise, all references to exhibits herein refer to those attached to Officer Nassar's instant "Motion for Summary Judgment."

II.

There is an absence of evidence to support Plaintiff's remaining federal law claim against the Officer. Instead, the only existing competent and probative proof demonstrates the Officer did not commit a constitutional violation. Officer Nassar had reasonable cause to believe McMillan posed a significant threat of serious physical harm or injury to himself, others at the scene, including another law enforcement officer, and to passersby when the force attributed to this Officer was taken in response to McMillan's refusal to adhere to loud verbal commands of law enforcement officers at the scene and after McMillan brandished a Taurus 9mm handgun as he ran in front of the Officer with the gun and then pointed the weapon in the direction of Officer Nassar. It is also significant that behind Officer Nassar (and what McMillan faced) was a busy public street (a four-lane roadway) with numerous vehicles traversing the area as well as the fact that behind the decedent was the entrance to a store that was open for business, as well as numerous vehicles parked in the parking lot in between and around McMillan and the Officer when this incident was occurring.[3]

III.

Based on the totality of the circumstances at the incident scene, Officer Nassar's use of force was not clearly excessive to the need, nor was it objectively unreasonable. See Tennessee v. Garner, 471 U.S. 1, 11 (1985); Wicker v. City of Galveston, 944 F.Supp. 553, 558 (S.D.Tex. 1996). As a result, Plaintiff can prove no constitutional violation as to Officer Nassar and he is entitled to summary judgment on this basis alone.

---

[3]Officer Nassar was unaware at the time of this incident whether any of the other vehicles that were parked at this business and located in and around McMillan and the Officer were occupied (other than the one that McMillan had exited from). See Exhibit "C."

IV.

Even were the Court to somehow find that an alleged constitutional violation occurred, Officer Nassar is still entitled to qualified immunity since any purported right claimed to have been violated was not clearly established at the time of the incident in question.  The Officer is equally entitled to such immunity on the alternate basis that his conduct was objectively reasonable in light of the totality of circumstances he faced during the subject time period.

V.

Consequently, Plaintiff has failed to discharge the burden to overcome this Defendant's entitlement to qualified immunity.  Accordingly, Plaintiff Officer Nassar is entitled to summary judgment on Plaintiff's federal law claim for excessive deadly force under the Fourth Amendment.  See FED. R. CIV. P. 56.

VI.

In support of this Motion, the movant has attached the following:

EXHIBIT "A":  Plaintiff's "Complaint";

EXHIBIT "B":  Partial Report of Grand Jury of Harrison County, First Judicial District of Mississippi filed with the Harrison County Circuit Court on February 22, 2023;

EXHIBIT "C": Affidavit of Gulfport Police Sergeant Kenneth Nassar signed on September 19, 2024, (with attached Exhibits "1" and "2" to be filed conventionally); and

EXHIBIT "D":  Affidavit of Candace Young (signed on September 19, 2024); and

EXHIBIT "E":  Affidavit of Travis Ryan Bramlett (signed on December 7, 2022).

WHEREFORE, Officer Kenneth Nassar, Defendant in this matter, respectfully requests that this Honorable Court issue an Order granting his "Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56" in its entirety and fully dismissing this cause against him with prejudice as

well as awarding him all other relief, equitable or otherwise, to which this Honorable Court finds he may be entitled.

      RESPECTFULLY SUBMITTED, this the __19th__ day of September, 2024.

                OFFICER KENNETH NASSAR,
                Defendant


                By: *s/ Jeffrey S. Bruni* .
                    JEFFREY S. BRUNI, ESQ.
                    Attorney for Officer Kenneth Nassar
                    MS Bar License No. 9573


JEFFREY S. BRUNI, ESQ.
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI 39502
TELEPHONE: (228) 868-5811
FACSIMILE: (228) 868-5795

## *CERTIFICATE OF SERVICE*

  I, Jeffrey S. Bruni, Esq., Attorney for Officer Kenneth Nassar, do hereby certify that I have on this date electronically filed the above and foregoing document with its exhibits with the Clerk of the Court using the ECF/MEC system, which should send notification of such filing to the Plaintiff, Katrina Mateen, 12069 George Street, Gulfport, Mississippi 39503 and to all counsel of record who have made an appearance in this matter.

  This the 19th day of September, 2024.
.

            *s/ Jeffrey S. Bruni*
            JEFFREY S. BRUNI

JEFFREY S. BRUNI, ESQ.
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI  39502
TELEPHONE:  (228) 868-5811
FACSIMILE:  (228) 868-5795