IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


KATRINA DANIELLE MATEEN                                          PLAINTIFF


VS                                    CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM


CITY OF GULFPORT, No.. 1., is being sued in their (sic) official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501          DEFENDANTS


STATE OF MISSISSIPPI

COUNTY OF HARRISON

### AFFIDAVIT OF OFFICER KENNETH NASSAR

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the

jurisdiction aforesaid on this the ___19th___ day of September 2024, OFFICER KENNETH

NASSAR, who, after being duly sworn, deposes and says on oath the following, to-wit:

1. I am an adult resident citizen of Harrison County, Mississippi, have never been

convicted of a felony, and have personal knowledge of the matters and information stated in this

Affidavit.

**EXHIBIT "C"**

2.  I am a certified Law Enforcement Officer of the State of Mississippi and have been so since 2016.  I have been continually accredited as a Law Enforcement Officer by the State of Mississippi Department of Public Safety and the State of Mississippi's Board on Law Enforcement Officer Standards and Training since that time.  I am a graduate of several police training courses and have attended numerous law enforcement training sessions since becoming a Law Enforcement Officer, to include training in the use of force and deadly force.  I am knowledgeable of the Gulfport Police Department's use of force policy, and apply this policy in my everyday police duties.

3.  As a part of Gulfport Police Department policy and practice, I participate in all required training and qualification courses with my service weapon, and consistently demonstrate proficiency during these qualification tests.

4.  On October 6, 2022, I was performing my regular duties as a Patrol Officer in the Patrol Division of the Gulfport Police Department during the day shift.

5.  While performing my duties on October 6, 2022, and on patrol in my assigned and marked police vehicle, an emergency call came over police dispatch around 2:29 p.m. that day related to a silver Kia Soul vehicle southbound on Cowan - Lorraine Road (Highway 605) in Gulfport, with the complainant stating that there were multiple occupants in this Kia Soul vehicle and they were following the complainant and brandishing firearms.  The Kia Soul vehicle was reported to have a Georgia license plate.

6.  It was further my understanding through dispatch that the complainant (who was an occupant in another or different vehicle) advised this Kia Soul vehicle had followed them through red traffic lights.

7.  Dispatch advised the vehicles were initially westbound on Pass Road from Cowan - Lorraine Road (Highway 605) and then had turned off various side streets north of Pass Road.

2

8. While listening to these updates over police dispatch, I began traveling westbound on Pass Road (west of its intersection with Highway 605). Officer Benjamin Ford was also on patrol during this shift and was driving a separate marked Gulfport Police vehicle. Officer Ford was assigned to the same area as me at the time, which is generally described as north of Highway 90, west of Debuys Road, south of Airport Road, and east of Highway 49. Officer Ford's police vehicle was slightly ahead of mine in the westbound lanes of Pass Road when both of our vehicles were headed west.

9. While both of our vehicles were stopped for the traffic light in the westbound lanes of Pass Road at its intersection with 8th Avenue in Gulfport, I observed a vehicle matching the description of the suspect vehicle (a silver Kia Soul) proceed southbound on 8th Avenue and then pull into the parking lot of the Family Dollar store located at 1016 Pass Road in Gulfport. As this vehicle pulled in to park in front of the Family Dollar, I also observed it had a Georgia license plate. As soon as I observed this, I started to attempt to turn out of traffic from the left westbound lane of Pass Road to pull into this parking lot. Officer Ford activated his blue lights and did the same.

10. As I was in the process of pulling my police vehicle into the parking lot, I observed multiple occupants inside this suspect vehicle moving around erratically.

11. Officer Ford started to exit his police vehicle, which, similar to mine, was parked a row or so behind the suspect vehicle.

12. As I quickly exited my vehicle, I observed two (2) unknown males exit the silver Kia Soul vehicle and attempt to run at a high rate of speed in between the fronts of two (2) vehicles and the front of the Family Dollar building. While I recall there were earlier reports of multiple occupants in this vehicle and I had seen multiple occupants moving inside the vehicle prior to this occurring, I was concerned for the safety of others and law enforcement, having been

3

previously advised by dispatch that they were brandishing handguns and exhibiting criminal and threatening behavior by reportedly tailing the complainant's vehicle and pointing guns at them.

13. I then observed one of these two (2) males turn around and change directions and begin to run toward the front entranceway of the Family Dollar store. This individual was wearing jeans and a red hooded looking sweatshirt. I quickly yelled out in a loud voice "Gulfport Police" to identify myself as a Gulfport law enforcement officer. And I also quickly yelled out for the individual to "stop." I observed what appeared to be a dark object in the right hand of this individual. I again yelled out in a loud voice for the individual to "stop." The person did not adhere to either of my commands. I then clearly observed that this person was holding the grip of a black handgun in his right hand and I immediately yelled out in a loud voice to "drop it" referring to the gun, at which point the individual turned with the handgun pointed in the direction toward me as he was approaching the front entranceway of the store. This individual appeared to then abruptly stop his momentum in order to pivot his body towards me after the gun was being pointed in my direction. This all happened at an extremely fast pace.

14. I firmly believed that McMillan would be firing his gun toward me and that I and those in the immediate vicinity were in imminent danger of serious bodily injury or death. At this point I began to fire my service weapon in an effort to prevent and mitigate this threat and others.

15. I reasonably believed that McMillan posed an imminent threat of significant bodily harm to myself and reasonably feared that my life and the lives of others in the roadway and/or adjacent businesses were in immediate jeopardy. I further felt that there were no other reasonable means available to attempt to prevent McMillan from engaging in these life threatening acts based on his actions and failure to adhere to prior commands.

16. McMillan, still not complying, then began to continue to run in between a parked

4

vehicle and the front of the store and within feet of the store's entranceway. I reasonably perceived this as a continuing imminent threat of significant bodily injury or death as I was clearly aware that he had a drawn handgun in his right hand and I further reasonably believed, based on his behavior and actions, that he was attempting to gain the tactical advantage of cover. In response, I continued to discharge my service weapon.

17. At this point, I observed McMillan attempt to change directions to go back towards the entranceway of the store. It appeared to me that he lowered his body and turned toward the store with the right side of his body facing the store. At this time I could not see his right hand. Because I was aware of the fact that he previously possessed a gun in his right hand, I still believed he had this gun in his right hand, as he had pointed the gun in my direction, and, because of this and my observations that he had still given no indication of compliance, I was fearful that he could have now concealed the gun behind his body away from me so that I could be shot.

18. I finished discharging my service weapon as soon I observed and believed that McMillan was no longer an immediate threat to me or the nearby public. However, I continued to point my service weapon at his location while moving in multiple directions for me to conduct a quick assessment of him and the other occupants of the suspect vehicle, as I had reasonable belief that I was the only law enforcement officer present in front of the store at that point.

19. From the point in time when I first discovered McMillan had something in his right hand (the gun) through the time when he pointed this gun at me and until the incident ended, the facts and circumstances were quickly changing, suddenly moving, and I was fearful of the outcome.

20. The vehicle occupant who was involved in this incident was later identified as Jaheim McMillan. The gun that McMillan had brandished was subsequently determined to be a stolen

Taurus 9mm gun, with seven (7) live rounds in the magazine and one (1) live round in its chamber.

21.  Attached as Exhibit "1" to this Affidavit is a digital video disc (DVD) containing a video of what was released by the Mississippi Bureau of Investigation (MBI) as part of its official investigation into this incident.  This video is comprised of video footage from Officer Ford's police dash cam video (from his assigned police vehicle) and video footage from my police-assigned body worn camera.

22.  Attached as Exhibit "2" to this Affidavit is a digital video disc (DVD) containing a true and correct copy of the recording from my police-issued and assigned body worn camera of the October 6, 2022, incident described in this Affidavit, from the point in time when I was operating my police vehicle in the westbound lanes of Pass Road near 1016 Pass Road in Gulfport until after the incident had occurred and I notified police dispatch.

23.  I observed McMillan, with wanton disregard for the safety of himself and others, purposefully chose to exit the suspect vehicle with a drawn weapon (the gun) in his hand, intentionally defied verbal commands of law enforcement to prevent this incident from escalating, purposefully refused to relinquish the gun, and continued to place himself in reasonably perceived life-threatening positions all while being in the announced presence of law enforcement.

OFFICER KENNETH NASSAR
AFFIANT

GIVEN UNDER MY HAND and official seal, this the 19th day of

September, 2024.

NOTARY PUBLIC

My Commission Expires:

2/21/25

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                    PLAINTIFF

VS                              CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No.. 1., is being sued in their (sic) official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501          DEFENDANTS

**EXHIBIT "1" TO THE AFFIDAVIT OF OFFICER KENNETH NASSAR**

VIDEO-MISSISSIPPI BUREAU OF INVESTIGATIONS
TO BE SUBMITTED BY CONVENTIONAL FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA DANIELLE MATEEN                                    PLAINTIFF

VS                              CIVIL ACTION NO.: 1:23-cv-00306-TBM-RPM

CITY OF GULFPORT, No.. 1., is being sued in their (sic) official capacity
As the governing body for the City of Gulfport, Mississippi, located at
2309 15th Street, in Gulfport, Mississippi 39501 for protecting then
Officer/but now Sergeant Kenneth Nassar who shot and killed Jaheim
McMillan, on October 6, 2022, at the Family Dollar Store, located at
1016 Pass Road, in Gulfport, Mississippi 39501

AND

KENNETH NASSAR, No. 2, is being sued in his individual capacity
As Officer/but now Sergeant and was at all time relevant to these
Proceedings was employed by the Gulfport Police Department,
Located at 2220 15th Street, in Gulfport, Mississippi, 39501, while
Working under the color of state law at the time the Defendant shot
And killed Jaheim McMillan, on October 6, 2022, at the Family Dollar
Store, located at 1016 Pass Road, in Gulfport, Mississippi 39501        DEFENDANTS

# EXHIBIT "2" TO THE AFFIDAVIT OF OFFICER KENNETH NASSAR

VIDEO-BODY WORN CAMERA OF OFFICER KENNETH NASSAR
TO BE SUBMITTED BY CONVENTIONAL FILING